IN THE MATTER OF THE ESTATE OF HARVEY NIXON, DECEASED

No. 68SC52

(Filed 25 September 1968)

1. **Clerks of Court § 2; Escheats; Courts § 6— proceeding to recover funds paid by clerk to University as escheated property — jurisdiction of clerk — jurisdiction of Superior Court upon appeal from clerk**

Funds from a partition sale of real property of a decedent were paid into the office of the clerk of Superior Court under G.S. 46-34 to be held for certain tenants in common whose whereabouts were then unknown, and the clerk thereafter voluntarily paid the funds as escheated property to the University of North Carolina. The descendants of the persons for whom the clerk originally held the funds instituted a proceeding before the clerk to have the funds returned for distribution to them, the University being made a party and filing an answer claiming the right to retain the funds. *Held:* The clerk had no jurisdiction either to order the University to return the funds to him for distribution to petitioners or to adjudicate that the University had a right to retain them, the relief sought by the parties being obtainable only by a civil action; however, upon purported appeal by petitioners to the Superior Court from the clerk's order finding in favor of the University, the parties having waived jury trial, the judge was empowered to hear and determine all aspects of the case. G.S. 1-276.

2. **Escheats— when real property escheats**

Real property escheats to the University under G.S. 116-20 only when the owner dies intestate or dies testate without disposing of the same by will and without leaving surviving any heir, kindred or spouse to inherit under the laws of this State.

**3. Escheats— unclaimed personalty — just claims by parties entitled thereto**

Unclaimed personalty which is paid to the University of North Carolina under G.S. 116-22 or G.S. 116-23 may be held by the University without liability for profit or interest thereon, but subject to any just claims by parties entitled thereto.

**4. Escheats— just claim for unclaimed property paid to University**

In an action to recover from the University of North Carolina funds originally held by the clerk of Superior Court under G.S. 46-34 for persons whose whereabouts were unknown, the clerk having voluntarily paid the funds as escheated property to the University, a just claim for the funds has been presented where it is stipulated that petitioners are the descendants and legal successors in interest to the persons for whom the clerk originally held the funds.

**5. Clerks of Court § 12;  Partition § 9;  Limitation of Actions §§ 4, 8 —  liability of clerk for funds held under G.S. 46-34 — statute of limitations**

Where the clerk of Superior Court receives funds under court order pursuant to G.S. 46-34 to hold for persons whose whereabouts are unknown, he remains liable to account for these funds to the persons entitled thereto as long as the funds remain in his possession, and no statute of limitations applies to bar an action by the beneficiaries for whose account he holds the funds until they have made demand upon him for the funds and the clerk has refused to honor their demand.

**6. Escheats;  Limitation of Actions § 4— action to recover unclaimed property paid to University — statute of limitations**

No statute of limitations applies to bar an action against the University of North Carolina by persons asserting a just claim for property theretofore paid to the University under statutes relating to the disposition of unclaimed property until there has been a demand and refusal to pay.

APPEAL by respondent from *McLean, J.,* September 1967 Session of LINCOLN Superior Court.

This proceeding was commenced on 20 April 1967 by petition filed with the Clerk of Superior Court of Lincoln County, North Carolina. Petitioners allege that they are the descendants of certain persons for whose account funds had theretofore been paid into the office of said clerk under G.S. 46-34 in connection with the sale of lands of Harvey Nixon, deceased; that these funds had been thereafter paid by the clerk as escheated property to the University of North Carolina; and that the University is a necessary party to these proceedings. On these allegations petitioners prayed for an order that the escheated funds be returned to the court to be distributed to petitioners as the persons lawfully entitled thereto. Summons was served upon the Escheats Officer of the University. The

University, respondent herein, filed answer to the petition in which it denied knowledge or information as to the relationship between petitioners and the persons for whom the escheated funds had theretofore been held and by way of further answer claimed title to said funds under G.S. 116-20. As alternative defenses the respondent pleaded the statute of limitations, G.S. 1-52(2), and that petitioners were barred by previous proceedings in the estate of Harvey Nixon, deceased.

The facts, as established by the pleadings, by stipulations of the parties, and as found by the trial judge, are as follows: Harvey Nixon died intestate on 22 December 1947, a resident of Lincoln County, N. C., and the owner of lands in Lincoln and Catawba Counties, N. C. He left no widow or lineal descendants surviving. On 10 November 1954, the administrator of his estate joined with certain of his heirs in filing a petition in a special proceeding before the Clerk of Superior Court of Lincoln County to sell for partition the real property belonging to the deceased. In this petition the administrator alleged that the estate had not been fully administered, that the personalty was insufficient to pay debts, that a sale of real property was necessary to make assets, and that the administrator joined in the petition pursuant to G.S. 28-83. This petition set forth in extensive detail the names, relationships, and the respective interests in the lands of a large number of persons who were alleged to be heirs of the decedent and who were alleged to be tenants in common of his real property. Summons in the partition proceeding was personally served upon certain of the heirs and service by publication was effected on the heirs named in the petition but who were not found and upon heirs whose names were not known. A guardian *ad litem* was appointed to represent all parties in interest upon whom personal service had not been effected. On 25 May 1956 the clerk entered an order, which was approved by the presiding superior court judge, appointing two commissioners to sell the lands described in the petition, to pay all expenses of the sale, and to hold the net proceeds subject to the further orders of the court. On 22 December 1958 the clerk entered an order, which was approved by the resident judge of the Twenty-seventh Judicial District, which recited that all expenses of sale, and all debts, costs of administration, and taxes of the Harvey Nixon estate had been paid in full, and that after such payments the commissioners had on hand the sum of $136,342.92 for distribution among the tenants in common. Attached to this order was an exhibit consisting of 56 pages listing the parties entitled to share in the distribution and giving the amount due to each. The order directed the commissioners to make distribution among the

tenants in common as shown on the exhibit, except as to certain heirs whose whereabouts were unknown. As to these latter, the order provided as follows:

"(d)    That all amounts due the tenants in common listed in Group 1 through 7 on pages 1 and 2 of Exhibit A and pages 29 and 30 of Exhibit A, totalling $43,821.29 shall be paid by said Commissioners to the Clerk of Superior Court for Lincoln County, N. C., to be held by said Clerk of Superior Court for Lincoln County, N. C., in accordance with law, since said Commissioners do not know of their own knowledge the whereabouts of said heirs and have reason to believe that they or their descendants are alive, said amounts to be paid into the possession of the Clerk of Superior Court for Lincoln County, N. C., under the provisions of Section 46-34 of the General Statutes of North Carolina; that the sums so paid to the Clerk of Superior Court for Lincoln County, N. C., shall be held as a separate fund and shall not be commingled with other funds and any funds not distributed within 60 days of receipt shall be invested by said Clerk of Superior Court for Lincoln County, North Carolina, in any investment or investments set forth in North Carolina General Statutes, Section 2-55(a) through (f)."

The persons listed in groups 1 through 7 of the exhibit which was attached to the order were Loyd, William, and Adeline Edwards, the children of Elizabeth Nixon Edwards, and Monroe, John, Sarah, and Caroline Edwards, the children of Margaret Nixon Edwards. Elizabeth Nixon Edwards and Margaret Nixon Edwards were in turn descendants of a common ancestor of the decedent, Harvey Nixon. Pursuant to this order the commissioners paid into the office of the Clerk of Superior Court of Lincoln County the sum of $43,821.29, which sum was deposited by the clerk at interest in savings institutions in Lincoln County in separate accounts. The clerk maintained separate ledgers in his Trust and Estate Account Book, showing that the funds were being held in separate accounts for the benefit of the named beneficiaries or their heirs, being the persons listed in groups 1 through 7 on the exhibit and as referred to in paragraph (d) of the order of 22 December 1958. The funds remained on deposit at interest in the accounts as so established by the clerk until 8 March 1966, when the clerk on his own motion paid the entire amount, which with accumulated interest amounted to $56,377.60, to the Escheats Officer of the University of North Carolina.

The present proceeding came on for hearing before the Clerk of Superior Court of Lincoln County on 26 May 1967, at which time

the petitioners and the respondent, the University of North Carolina, were represented by their respective attorneys. After hearing evidence, the clerk requested both parties to file briefs. Thereafter on 23 June 1967 the clerk entered an order in which he found that the funds in question had escheated to the University of North Carolina, that he was without authority to make the requested determination and distribution of the funds, and accordingly he denied the relief prayed for by petitioners. On 26 June 1967 the clerk signed an appeal entry reciting that the petitioners, through their attorneys, had in open court given notice of appeal to the superior court.

The matter came on for hearing before the judge presiding at the September 1967 Session of the Superior Court of Lincoln County, at which time the attorney for the respondent moved to dismiss the appeal on the grounds that no notice of the appeal had been given as required by G.S. 1-272. This motion was overruled. The parties then waived a jury trial and entered into a stipulation as to the facts relative to the payment of the funds by the commissioners into the office of the clerk of superior court pursuant to the order of 22 December 1958 and the subsequent payment of such funds with accumulated interest made on 8 March 1966 by the clerk to the Escheats Officer of the University, as hereinabove recited. In this stipulation the parties also stipulated and agreed that the children born of the marriages of Elizabeth Nixon Edwards and her husband, and Margaret Nixon Edwards and her husband, and their descendants are as described in the petition filed 20 April 1967. Based on these stipulations, the admissions in the pleadings, and the public records in the office of the Clerk of Superior Court of Lincoln County relating to the proceedings for sale of the real properties of Harvey Nixon, deceased, the judge of superior court entered an order making extensive findings of fact. On these findings he concluded that the funds in question were legally due to the heirs as named in the petition, and accordingly entered judgment setting aside the order theretofore entered by the clerk and directed the Escheats Officer of the University to transmit forthwith the amount of $56,377.60 to the Clerk of Superior Court of Lincoln County to be distributed by him to the petitioners. From this order the respondent, University of North Carolina, appeals.

*John R. Friday and W. H. Childs, Sr., for petitioner appellees.*

*Attorney General T. W. Bruton, Staff Attorneys (Mrs.) Christine Y. Denson and Andrew A. Vanore, Jr., for respondent appellant.*

PARKER, J.

[1]    While the question has not been raised by either petitioners or respondent, in our view the clerk of superior court had no jurisdiction to hear or determine the matters presented by the petition and answer filed in this case. While the pleadings were entitled "In The Matter of The Estate of Harvey Nixon, Deceased," administration of that estate had long since been closed. The funds which were the subject matter of this proceeding had been received by the clerk in 1958 from commissioners appointed in a partitioning proceeding to sell lands of tenants in common, and these funds had for a time been held by him as the separate property of certain of the tenants in common, the children of Elizabeth Nixon Edwards and of Margaret Nixon Edwards, whose exact identities and whereabouts were not then known. More than two years prior to the filing of the petition presently before us these funds had been voluntarily paid by the clerk into the Escheats Office of the University and after such payment the funds in question were no longer under the control or jurisdiction of the clerk. Therefore neither the probate jurisdiction vested by statute in the clerk of superior court nor the jurisdiction granted the clerk over special proceedings for partitioning of real property among tenants in common could any longer be invoked to support the clerk's jurisdiction in this matter. Under the circumstances the clerk had no power either to order the University to return the funds to him to be distributed among the petitioners, as petitioners requested, or to adjudicate that the University had the legal right to retain them, as prayed for by respondent. In our opinion the relief sought by the parties could only have been obtained in a civil action. However, when the matter did in fact come before the judge of the superior court, the judge had jurisdiction, G.S. 1-276, and when the parties waived jury trial, the judge was fully empowered to hear and determine all aspects of the case. We therefore find it unnecessary to pass upon respondent's assignment of error directed to the judge's action in overruling its motion to dismiss the petitioners' appeal from the clerk on the grounds that notice of appeal had not been properly given.

[2]    Respondent's principal assignment of error is directed to the trial judge's entry of judgment holding that petitioners are entitled to the funds here in question. Respondent contends that these funds, having been derived from sale of real properties which belonged to Harvey Nixon at the time of his death in 1947, retained their character as realty and has escheated to the University under G.S. 116-20 as of the date of Nixon's death. Real property escheats only when the owner dies intestate or dies testate without disposing of the same

by will and without leaving surviving any heir, kindred or spouse to inherit under the laws of this State. Such a situation did not exist in the present case. Quite to the contrary, Harvey Nixon left numerous heirs, many of whom became parties to the partitioning proceeding brought in 1954 for sale of his real property. Attached to the judgment entered in that proceeding on 22 December 1958 was an exhibit containing 56 pages listing the Nixon heirs. The existence of only one known heir capable of succeeding to title to his property would have prevented an escheat.

[3, 4]   Alternatively, respondent contends it became entitled to the funds here in question under the provisions of G.S. 116-22 and G.S. 116-23. Those sections deal with the disposition of unclaimed personal property and provide that in certain cases covered by the statute such unclaimed personal property shall be paid to the University and the University is authorized to bring suit to recover the same. While these sections have been amended in some respects in the years since Harvey Nixon's death, throughout the entire period following his death and to the present time these statutes have provided that the University might hold such unclaimed funds and personal property without liability for profit or interest thereon, but subject to any just claims by parties entitled thereto. In this case, the funds were paid to the clerk of superior court under the order of 22 December 1958 to be held by him for the account of certain named individuals. He did so hold them until 8 March 1966, when he paid the funds to the University. The present petitioners now appear and assert they are the descendants and legal successors in interest to the named persons for whom the clerk originally held the funds. Respondent University has formally stipulated that such is the case. Petitioners have presented a just claim for the funds.

[5, 6]   Nor is the present action barred by the three-year statute of limitations, G.S. 1-52(2), as respondent contends. That section provides that the three-year statute of limitations shall apply to an action "upon a liability created by statute, other than a penalty or forfeiture, unless some other time is mentioned in the statute creating it." Respondent's contention is that this statute would have served to bar an action by petitioners against the clerk of the superior court, who held the funds in his possession for more than three years without an action being brought against him to recover the same, and that the action being thus barred against the clerk is also barred as against respondent University. This argument ignores the fact that the clerk's liability in this case was not created by statute but arose simply because he received certain funds under an

order of court which directed he hold the same for the benefit of named individuals. The clerk remained liable to account for these funds to the persons entitled thereto so long as the funds remained in his possession, and no statute of limitations would apply to bar an action by the beneficiaries for whose account he held the funds until they had made demand upon him and he had refused to honor the same. Similarly, no statute of limitation now applies to bar an action against the University by persons asserting a just claim for the funds until there has been a demand and refusal to pay. It should be noted that prior to 1947 G.S. 116-22 and G.S. 116-23 provided that if no claim was preferred within ten years after unclaimed property was received by the University, then such property was to be held by the University absolutely. This language was expressly stricken by Chapter 614 of the 1947 Session Laws. This Act evidenced a clear legislative intent, and we so hold, that lapse of time alone, absent a demand and refusal to pay, will not forfeit a just claim to recover property theretofore paid to the University under our statutes relating to the disposition of unclaimed property. In view of this holding, we find respondent's remaining assignments of error to be without merit.

The judgment appealed from is

Affirmed.

MALLARD, C.J., and BROCK, J., concur.