MARSHALL BRYAN SUTTON v. CLAUDE S. SUTTON, JR.

No. 7318DC290

(Filed 13 June 1973)

**Rules of Civil Procedure § 41; Trial § 30— dismissal with prejudice — subsequent motion in the cause**

Where the trial court dismissed with prejudice plaintiff's action for alimony and child custody and support because the parties had settled the case by execution of a deed of separation, the action was terminated and the court had no authority to consider a motion in the cause thereafter filed by plaintiff.

APPEAL by plaintiff from *Washington, Judge,* 18 December 1972 Session of District Court held in GUILFORD County, Greensboro Division.

Facts pertinent to a resolution of this appeal are summarized as follows:

On 19 January 1971, plaintiff, Marshall Bryan Sutton, instituted this action against her husband, defendant Claude S. Sutton, Jr., for child custody and support, alimony *pendente lite,* permanent alimony, possession of the homeplace and its furnishings and a reasonable attorney's fee. On 26 February 1971, Judge Herman E. Enochs entered an order awarding plaintiff child custody and support and temporary alimony. Defendant excepted to and appealed from the order of Judge Enochs. On 21 May 1971, before the appeal was heard, counsel for plaintiff and defendant consented to the following order of Judge Enochs:

"THIS CAUSE coming on to be heard, and being heard, before the undersigned judge presiding, and it appearing that the parties have compromised and settled all matters at issue in this cause, and have entered into a deed of separation which sets forth the terms of their settlement, and that, therefore, this case is rendered moot and should be dismissed;

Now, therefore, it is ORDERED, ADJUDGED AND DECREED that this cause be, and the same hereby is, including all claims asserted by both parties, dismissed with prejudice. Plaintiff shall pay the costs."

On 6 November 1972, plaintiff filed a motion in the cause "for an order incorporating certain unperformed provisions of

a deed of separation relating to alimony and child support into an order of this Court, and for an increase in the payments required by defendant by said agreement for child support and alimony." On 20 December 1972, defendant filed a responsive motion to dismiss plaintiff's motion, alleging, *inter alia,* that "this civil action was dismissed and completely terminated by consent judgment entered by this Court on May 21, 1971."

From an order dated 22 December 1972 denying her motion, plaintiff appealed.

*Smith, Moore, Smith, Schell & Hunter by Jack W. Floyd for plaintiff appellant.*

*Cahoon & Swisher by Robert S. Cahoon for defendant appellee.*

HEDRICK, Judge.

The correctness of the order appealed from depends on the effect given the judgment of voluntary dismissal with prejudice dated 21 May 1971.

In *Collins v. Collins,* 18 N.C. App. 45, 50, 196 S.E. 2d 282, 286 (1973), Judge Britt, writing for this court, stated:

> "Under the former practice a judgment of voluntary nonsuit terminated the action and no suit was pending thereafter in which the court could make a valid order. 7 Strong, N. C. Index 2d, Trial, § 30, p. 317. We think the same rule applies to an action in which a plaintiff takes a voluntary dismissal under G.S. 1A-1, Rule 41 (a) (1)."

Regardless of what name we apply to the order dated 21 May 1971, the effect thereof was to terminate the action and when plaintiff's motion in the cause was made, no action was pending wherein the court could enter a valid order. The order denying the motion is

Affirmed.

Judges BRITT and BALEY concur.