L. REGINALD CAROON v. L. J. EUBANK, JR., TRUSTEE, AND FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF NEW BERN, INC., ORIGINAL DEFENDANTS v. JAMES A. EZZELL, ADDITIONAL DEFENDANT

No. 763SC31

(Filed 21 July 1976)

Rules of Civil Procedure § 41— voluntary dismissal — disposition of funds held by clerk

In an action to determine the ownership of certain real property where the evidence tended to show that plaintiff entered the highest bid at a foreclosure sale and tendered the amount of his bid to the trustee, the trustee refused to deliver a deed to plaintiff because the debtor paid the note secured by the property in question within ten days of the foreclosure sale, the trustee paid the amount which plaintiff had tendered into the court with the request that the clerk hold the funds until the question of whether plaintiff was entitled to the deed was resolved, and plaintiff then filed a motion of dismissal of his action without prejudice and at the same time filed a motion asking for the return of the money held by the clerk, the plaintiff was entitled to take a voluntary dismissal without prejudice, and the trial court's order prohibiting release of the funds unless plaintiff abandoned his claim is reversed.

APPEAL by plaintiff from *Lanier, Judge.* Judgment entered 17 November 1975 in Superior Court, PAMLICO County. Heard in the Court of Appeals 15 April 1976.

Plaintiff brought this action to determine the ownership of certain real property upon which plaintiff was hightest bidder at a foreclosure sale held by defendant Eubank as Trustee under a deed of trust from Bayboro Tire and Retreading Company securing an indebtedness due First Federal Savings & Loan Association. Plaintiff alleged that he had bid $45,000 for the property; that no increased bid was filed within 10 days of the sale; that the sale had been confirmed by the Clerk; that plaintiff had tendered the $45,000 to the Trustee who accepted it but refused to deliver a deed to plaintiff. First Federal answered averring that its only interest in the matter was to receive the balance due on the note of Bayboro Tire & Retreading Company and that the debtor had paid the note prior to the expiration of the 10-day period and had requested First Federal to transfer the note and deed of trust to James Ezzell. This First Federal did. Defendant Trustee filed answer averring that he had refused to deliver a deed to plaintiff upon being informed that the debt had been paid within the 10-day period; that he had returned the $45,000 to plaintiff's attorney; and that the order of confirmation was improvidently signed by the Clerk. James Ezzell, having been brought in the action as a defendant, answered averring that the payment of the debt secured by the deed of trust was within 10 days of the sale and the action of the Trustee in refusing to execute and deliver a deed was proper. The Trustee paid the $45,000 into court with the request that the Clerk hold the funds until the question of whether plaintiff is entitled to a deed is resolved. There is nothing in the record which would resolve the apparent ambiguity in the Trustee's averment that he had turned the $45,000 over to plaintiff's attorney and his subsequent turning it over to the Clerk as stakeholder. Plaintiff then filed a notice of dismissal of his action without prejudice and at the same time filed a motion asking for the return of the $45,000.

James A. Ezzell filed an answer to the motion in which he takes the position that the Court should refuse to release the funds to plaintiff until "all matters and things affecting title to the real property in question have been determined"; or in the alternative, that plaintiff be paid the funds, that the order of confirmation be vacated and plaintiff declared to have no further right, title, or interest in the land. By answer to the motion, First Federal Savings & Loan Association takes the position that plaintiff should not be entitled to have the funds

released to him unless he agrees to a final dismissal of the action. The Trustee by his answer takes the same position.

The court, after considering the entire record, consisting of the pleadings and affidavits, denied the motion concluding "that said funds should not be relased until there is a determination of the matters and things in controversy between the parties in this action; and that, unless the plaintiff will abandon such claim, said deposit should not be released." From entry of the order, plaintiff appealed.

*Ward, Tucker, Ward & Smith, P.A., by Michael P. Flanagan, Jr., for plaintiff appellant.*

*Barden, Stith, McCotter & Stith, by Laurence A. Stith, for original defendant appellees.*

*Lee, Hancock and Lasitter, by C. E. Hancock, Jr., for additional defendant appellee.*

MORRIS, Judge.

Plaintiff contends that the trial court erred in its entry of judgment denying his motion for return of funds made under G.S. 1A-1, Rule 41(a)(1), which provides that plaintiff may take a voluntary dismissal of his case without order of court by filing a notice of dismissal before plaintiff rests his case.

> "Under the former practice a judgment of voluntary nonsuit terminated the action and no suit was pending thereafter on which the court could make a valid order. 7 Strong, N. C. Index 2d, Trial, § 30, p. 317. We think the same rule applies to an action in which plaintiff takes a voluntary dismissal under G.S. 1A-1, Rule 41(a)(1)." *Collins v. Collins,* 18 N.C. App. 45, 50, 196 S.E. 2d 282 (1973).

*Sutton v. Sutton,* 18 N.C. App. 480, 197 S.E. 2d 9 (1973). See also *In Re Estate of Nixon,* 2 N.C. App. 422, 163 S.E. 2d 274 (1968).

There are undoubtedly unresolved issues with respect to this matter. Nevertheless, plaintiff cannot be made to choose which remedy he will pursue before he takes a voluntary dismissal. Nor can he be forced to take a dismissal with prejudice under the circumstances here. To hold otherwise would be to say that G.S. 1A-1, Rule 41(a)(1) is without efficacy. The court's order

Cannady v. Wildlife Resources Comm.

recited that the matter before him was a motion "to release from the treasury of the Clerk of the Superior Court Division in Pamlico County, *and where said action is pending*, funds deposited as the amount of a bid at the foreclosure sale of certain properties in Pamlico County." (Emphasis supplied.) Plaintiff filed his notice of dismissal prior to filing the motion. At the time the motion was filed, no action was pending. Plaintiff is entitled to take a voluntary dismissal without prejudice and proceed thereafter in such a manner as he may be advised.

Reversed.

Judges PARKER and MARTIN concur.