COHEN SCHATZ ASSOCIATES, INC., Plaintiff v. ANTHONY BRYAN PERRY, SR., PATRICIA T. PERRY, RICHARD G. BERENT, JOHN BERENT, and STERLING RIDGE PARTNERS, L.L.C., Defendants

No. COA04-631

(Filed 19 April 2005)

**1. Compromise and Settlement— agreement not signed— summary judgment not mooted**

Plaintiff's motion for summary judgment was not mooted by a settlement agreement where the only alleged agreement between the parties was a handwritten document from a mediated settlement conference which plaintiff never signed.

**2. Compromise and Settlement— agreement not enforced— not signed—enforcement not requested.**

The trial court did not err by not enforcing a settlement agreement where plaintiff neither signed the agreement nor asked that it be enforced.

Appeal by plaintiff from judgment entered 13 November 2003 by Judge Donald W. Stephens in Wake County Superior Court. Heard in the Court of Appeals 12 January 2005.

*Everett, Gaskins, Hancock & Stevens, L.L.P., by Paul C. Ridgeway and K. Matthew Vaughn, for plaintiff-appellant.*

*Manning, Fulton & Skinner, P.A., by Michael S. Harrell, for defendant-appellees.*

HUDSON, Judge.

Cohen Schatz Associates, Inc., is a licensed real estate brokerage firm. Sterling Ridge Partners, LLC, is a real estate development firm owned by defendants-appellants Richard G. Berent and John Berent (Sterling Ridge or the Sterling Ridge defendants). Claims against the (remaining) Perry defendants are not at issue in this appeal. Plaintiff filed this action against defendants in October 2002 and it was ordered to mediation in February 2003. The parties reached a settlement at mediation, which took place on 13 June 2003. On 17 September 2003, Sterling Ridge filed a motion for summary judgment, which came on for hearing on 4 November 2003. The trial court granted Sterling Ridge's motion for summary judgment on 13 November 2003. Plaintiff appeals. We affirm the trial court.

This dispute arose from a real estate transaction between the Perry defendants, as sellers, and Sterling Ridge, as buyers. In April 2002, the Perry defendants sold a piece of property in Fuquay-Varina, North Carolina, to Sterling Ridge. Plaintiff alleges that defendants wrongfully refused to pay them a commission on the transaction. Plaintiff claims that on or about February 2002, the Perry defendants entered into an agreement entitling plaintiff to a six percent commission upon the sale of their Fuquay-Varina property. According to plaintiff, the Perry and Sterling Ridge defendants conspired to conduct the sale of the property so as to avoid paying plaintiff a commission. In its lawsuit, plaintiff asserted that the Sterling Ridge defendants formed Sterling Ridge Partners, LLC, in furtherance of this alleged conspiracy, which also constitutes an unfair and deceptive trade practice. The Sterling Ridge defendants deny these allegations.

On 18 February 2003, the trial court ordered the case to a mediated settlement conference. Mediation occurred on 13 June 2003, after which mediator E. Yvonne Pugh reported that a partial settlement had been reached between plaintiff and Sterling Ridge. At the settlement conference, a document titled "agreement" (the agreement) was signed by the Sterling Ridge defendants and their counsel. However, nobody signed the document for plaintiff. The purported settlement provided that the Sterling Ridge defendants would pay $21,075 to plaintiff; that Richard and John Berent would provide affidavits to plaintiff consistent with the representations made by them to the mediator; and that plaintiff would dismiss its claims against the Sterling Ridge defendants with prejudice. The document stated that counsel for Sterling Ridge would prepare a more formal agreement,

but also that the document was a "binding contract *between signatories* in lieu of [a] formal agreement" (emphasis added).

On 17 September 2003, Sterling Ridge moved for summary judgment. In its affidavit in opposition to defendants' motion for summary judgment, plaintiff stated that:

> On June 13, 2003, I participated in court-ordered mediation . . . At the mediation, [Sterling Ridge defendants] executed and submitted the handwritten agreement attached hereto as Exhibit A to [plaintiff]. [Sterling Ridge defendants] have not complied with the handwritten agreement.

Plaintiff did not, and does not, dispute that it never signed the proposed agreement and that it never moved to have the agreement enforced. The trial court granted summary judgment to Sterling Ridge on 13 November 2003.

[1] Plaintiff contends that the trial court erred in reaching and granting defendants' motion for summary judgment. Plaintiff claims that the settlement agreement reached by the parties in court-ordered mediation rendered moot any claims against Sterling Ridge defendants. Plaintiff argues that the trial court should have dismissed the claims as moot rather than reaching the issue of summary judgment, or, in the alternative, that the court should have entered an order enforcing the settlement agreement. We disagree.

Plaintiff correctly asserts that when parties to a lawsuit settle their dispute, the claims asserted between those parties become moot. *Sutton v. Sutton*, 18 N.C. App. 480, 197 S.E.2d 9 (1973). However, in *Sutton*, the parties' claims were mooted by the trial court's order that acknowledged the parties' settlement. *Id.* at 481, 197 S.E.2d at 10. The order in *Sutton*, consented to by both parties, decreed that the parties had compromised and settled all matters at issue and that both parties had entered into a deed of separation which set forth the terms of their settlement agreement. *Id.* at 480, 197 S.E.2d at 10.

Here, the only alleged agreement between the parties is the handwritten document from the mediated settlement conference, which plaintiff never signed. A written settlement agreement arising out of a mediated settlement conference will not be enforced unless it has been "reduced to writing and signed by the parties." N.C.G.S. § 7A-38.1(l) (2003). Indeed, the terms of the agreement here state that

it is a "binding contract *between signatories* in lieu of [a] formal agreement" and that "*[s]ignatories* otherwise release any and all claims against each other arising out of [the] transactions alleged in the complaint." Plaintiff, who now urges that the settlement was valid and should have barred summary judgment, was not a signatory to the agreement. We conclude that plaintiff's argument that defendants' motion for summary judgment was mooted by the settlement agreement is without merit and that the trial court did not err in reaching defendants' motion.

[2] Similarly, plaintiff argues that the trial court should have entered an order enforcing the settlement agreement, rather than reaching defendants' motion for summary judgment. We first note that plaintiff never moved the court to enforce the agreement. Plaintiff mentioned the agreement only once, in its Response to Defendant's Motion for Summary Judgment, asserting that there was an agreement and that defendants were not in compliance. Plaintiff is correct that a trial court may enter an order enforcing a settlement agreement without conducting a plenary hearing. *Petty v. Timken Corp.*, 849 F.2d 130, 132 (4th Cir. 1988). However, we conclude that the trial court did not err in not enforcing the purported settlement agreement where plaintiff neither signed the document, nor asked the court to enforce it.

In its assignments of error, plaintiff argues that the trial court erred in not only reaching, but in granting the summary judgment motion. However, in its brief, plaintiff only discusses the trial court's decision to reach the summary judgment issue and neither cites any authority nor present any argument regarding the court granting summary judgment. "Issues raised in defendant's brief, but not supported by argument or authority, are deemed abandoned." *Pharmaresearch Corp. v. Mash*, 163 N.C. App. 419, 428, 594 S.E.2d 148, 154 (2004) (citing N.C.R. App. P. 28(b)(6)). Thus, defendant's argument here is deemed abandoned.

Affirmed.

Judges WYNN and STEELMAN concur.