RUBY MATTHEWS LAWSON v. POWELL DENNIS LAWSON.

(Filed 31 October, 1956.)

**1. Divorce and Alimony § 12—**

The burden is upon the husband to establish his plea of adultery of the wife as a bar to her right to subsistence and counsel fees *pendente lite*, and the refusal of the court to make affirmative finding in favor of the husband on this defense is a sufficient denial thereof to support its order for alimony *pendente lite*.

**2. Divorce and Alimony § 5d—**

The complaint in this action for alimony without divorce and for custody of the minor child of the marriage *is held* sufficient as against demurrer.

**3. Divorce and Alimony § 16: Contempt of Court § 2b: Appeal and Error § 12—**

Pending appeal from an order for alimony *pendente lite* the trial court has no jurisdiction to hear a motion to attach defendant for contempt for wilful failure to comply with the order.

JOHNSON, J., not sitting.

APPEAL by defendant from *Johnston, J.,* at Chambers, 14 June, 1956, FORSYTH.

On 12 May, 1956, plaintiff began this action, seeking alimony without divorce and the custody of the minor child of the marriage. Her complaint alleges facts sufficient to conform to the requirements of G.S. 50-16.

Defendant answered. He admitted the marriage and the birth of the infant whose custody plaintiff sought. He denied the allegations which would suffice for a divorce and asserted as an additional defense the adultery of plaintiff.

The cause came on for hearing on Saturday, 9 June, on plaintiff's motion for alimony *pendente lite* and counsel fees. Affidavits were submitted by the parties. This hearing lasted an hour and three quarters. Defendant contends that the affidavits offered by him suffice to establish the fact of plaintiff's adultery. At the end of the hearing, the court stated that he would award custody of the minor to defendant and deny plaintiff's application for alimony and attorney's fees. He requested counsel for defendant to prepare an order to that effect to be submitted to him the following week. Dissatisfied with his reasoning which led to the conclusion that plaintiff was not entitled to alimony or the custody of the minor, the court that afternoon notified counsel that he would hold a further hearing before entering any order in the matter. Pursuant to this notice, a hearing was had on Thursday, 14 June. Plaintiff and defendant were represented at this hearing. Following

the hearing, the court, on 14 June, entered an order in which it is stated: "after hearing further arguments of counsel, the Court announced that it would not find the plaintiff guilty of adultery; and that that question should be passed upon by a jury; that the Court thereupon makes the finding of fact that for the purposes of this hearing defendant's plea of plaintiff's adultery cannot be sustained."

The court thereupon awarded custody of the child to the plaintiff and awarded alimony and support *pendente lite* in the sum of $20 per week and counsel fees. From this order defendant appealed.

*Elledge & Johnson for plaintiff appellee.*
*W. Scott Buck for defendant appellant.*

PER CURIAM. Defendant predicates his appeal on the failure of the court to find the facts in conformity with a judgment tendered by him; and the asserted failure to make any finding with respect to the adultery of the wife. One of the requested findings is that plaintiff committed adultery. The others are merely evidentiary and do not purport to do more than suggest plaintiff's adultery.

Defendant has the burden of establishing his plea of the adultery of the wife. Judge Johnston finds that defendant has failed to carry the burden. The wife's right to alimony is not defeated till the adultery is established; and because the adultery has not been established, plaintiff is not deprived of alimony *pendente lite*, counsel fees, and custody of the child as directed by the order.

Defendant demurred here for that the complaint failed to state a cause of action. The demurrer is overruled. Plaintiff alleges, *inter alia*, that defendant separated himself from his wife and child and failed to provide them with necessary subsistence; that she was forced under threats of physical violence to sign a separation agreement; that he has repeatedly threatened to beat her; that he has on numerous occasions and in the presence of sundry persons falsely charged her with adultery, claiming that he is not the father of the child she is now carrying; that he has forced her to seek employment and has, by force, required her to turn over to him the largest part of her earnings. The allegations of the complaint, if established on the trial, are sufficient to base an award of alimony.

Defendant gave notice of appeal on 15 June. The court allowed him sixty days in which to serve case on appeal, and appellee, thirty days thereafter to serve countercase. By agreement of counsel made within the time fixed for defendant to serve his case on appeal, the time was extended to 30 August. The case on appeal was served in due time. On 23 July, 1956, plaintiff caused a notice to be served on defendant that she would move on 28 July for an order attaching defendant for

contempt for wilful failure to comply with the order of 14 June. Pursuant to this notice, a hearing was had before Judge Johnston. He found that defendant had wilfully and intentionally refused to comply with the order of 14 June, 1956. The court ordered defendant committed to jail until he complied with the order of 14 June, 1956. Defendant filed with this Court a petition for a writ of *supersedeas*. The petition is allowed. The appeal taken by the defendant divested the Superior Court of jurisdiction. The adjudication of contempt and the order of imprisonment are void. They will be vacated. *Lawrence v. Lawrence*, 226 N.C. 221, 37 S.E. 2d 496.

The order of 14 June allowed counsel fees for plaintiff. Thereafter, plaintiff applied to Judge Armstrong, holding the Forsyth courts, for an order for additional counsel fees. Judge Armstrong denied the order for want of jurisdiction as the cause was then pending on appeal to this Court. Plaintiff now files with this Court a motion for the allowance of additional counsel fees. The motion is denied without prejudice to the right of plaintiff to apply to the Superior Court when it has jurisdiction for such counsel fees as are just and proper.

The judgment appealed from is
Affirmed.

JOHNSON, J., not sitting.