### EDITH P. JOYNER v. REESE B. JOYNER.

(Filed 28 March, 1962.)

**1. Divorce and Alimony § 18; Judgments § 2—**

　　In an action for divorce, or for alimony without divorce, it is not required that a motion therein for alimony *pendente lite* be heard in the county during the term, but the judge holding the courts of the district may, after notice, hear the motion in chambers in any county of the district.

**2. Divorce and Alimony § 22; Judgments § 2—**

　　A husband who attends and participates in the hearing to determine the right to the custody of a child of the marriage, held outside the county, but in the district, by the judge regularly holding the courts of the district, is bound by the judgment.

**3. Divorce and Alimony § 24; Appeal and Error § 12—**

　　An appeal from order awarding custody of a child of the marriage to the wife removes the cause from the Superior Court to the Supreme Court, and the Superior Court thereafter is *functus officio* until the remand of the cause. The Superior Court is without jurisdiction, pending the appeal, to punish the husband for contempt, and its findings in regard to the wilful violation of the order are a nullity. However, the question of the wilful violation of the custody order may be investigated by the Superior Court after the cause has been remanded to that Court.

**4. Same—**

　　In the absence of *supersedeas*, order directing the husband to provide support of a child of the marriage may be enforced pending appeal by execution against defendant's property.

　　SHARP, J., took no part in the consideration or decision of this case.

　　APPEAL by defendant from *Bundy, J.,* October 31, 1961, NASH Superior Court, in Chambers.

　　The plaintiff, the wife, instituted this civil action against the defendant, the husband, for alimony without divorce, for counsel fees, and for custody of Ricky Joyner, age nine, the only child of the parties. The plaintiff, by verified complaint, alleged the defendant, over a long period of time, had been guilty of cruel and inhuman treatment, (giving details) which made her condition intolerable and her life burdensome. The facts alleged, if found to be true, are sufficient to state a cause of action for divorce *a mensa et thoro*. The plaintiff, by motion in the cause, applied for a *pendente lite* award of support for herself and her child, and for its custody. The motion was made returnable before Judge Bundy, regularly holding the courts of the Seventh Judicial District, at Tarboro in Edgecombe County. The hearing was adjourned and the motion actually heard at Wilson in Wilson County

on October 25, 1961, all in the Seventh Judicial District. The evidence at the hearing included the verified pleadings and numerous affidavits by both parties. The order was signed October 31, 1961.

Judge Bundy made detailed findings of fact and from them concluded: "The conduct of the defendant has been such as to render the life of the plaintiff burdensome and her condition intolerable . . . The defendant owns property of the approximate value of $30,000 and earns from his business approximately $5,000 per year. . . . and the court finds as a fact the plaintiff is a fit and suitable person to have the care and custody of said child." The court ordered the defendant to pay to the plaintiff $150 per month for the support of herself and the child whose custody, subject to visitation rights, was awarded to her. Plaintiff's counsel was awarded $150 as attorney's fees.

The defendant entered many objections and exceptions to the findings of fact and the award of alimony *pendente lite* and custody. On November 3, the defendant surrendered to the plaintiff the custody of the child and at the time paid into the clerk's office $150 for the use and benefit of the plaintiff and the child. On November 7, 1961, the defendant served notice of his appeal from the order making the award. This is designated as the defendant's first appeal.

On November 29, 1961, the plaintiff filed an affidavit that the defendant had violated the court's custody order by forcibly taking the child from the plaintiff's custody. Judge Bundy issued a show cause order requiring the defendant to appear in chambers at Nashville and show cause why he should not be attached for contempt. At the show cause hearing Judge Bundy, among other findings, made the following:

"10. The defendant has acted in a wilful and contemptuous manner and has wilfully and contemptuously violated the order of October 31, 1961, and that he is, at the date of this hearing, in wilful contempt of the said order and in wilful contempt of this court.

"11. That defendant has appealed from the order of October 31, 1961, to the Supreme Court of North Carolina, and that prior to the date of this hearing he has filed his appeal with the Clerk of the Supreme Court of North Carolina, and that defendant contends that, pending the said appeal, this court is FUNCTUS OFFICIO and is without authority to make any further orders in the above entitled action pending the aforesaid appeal to the Supreme Court."

Whereupon Judge Bundy concluded the appeal took away his authority to make any further order and dismissed the show cause pro-

ceeding. Both parties gave notice of appeal. The defendant filed his case on appeal. The plaintiff failed to prosecute hers. This is defendant's second appeal.

*Cooley and May, By Harold D. Cooley for defendant appellant.*
*L. L. Davenport for plaintiff appellee.*

Higgins, J.  Without merit is the defendant's appeal from the order awarding to the plaintiff for herself and the child alimony *pendente lite,* counsel fees, and custody of Ricky Joyner. The complaint states a cause of action for divorce *a mensa et thoro.* Evidence of the plaintiff's need, her suitability for the child's custody, and the defendant's ability to pay is plenary. The amount of the award is certainly not excessive. G.S. 50-16. *Bailey v. Bailey,* 243 N.C. 412, 90 S.E. 2d 696; *Fogartie v. Fogartie,* 236 N.C. 188, 72 S.E. 2d 226. Untenable are the objections that Judge Bundy held hearings in Tarboro and Wilson. In each instance the defendant and counsel were given notice and without objection appeared and participated in the hearings. While these In Chambers proceedings were outside Nash County, where the action was pending, nevertheless they were held in the same judicial district and by the judge regularly assigned to preside over the courts of that district. In so far as the alimony *pendente lite* and counsel fees for the plaintiff are concerned, the hearing could be held on proper notice anywhere in the judicial district. "The present statute (The Code, § 1291) (now G.S. 50-15) provides that the motion may be heard and determined in or out of term, and certainly the wife in such case ought not to be left to starve till the judge, or his successor, shall come to the county. The motion is ancillary and not a motion for judgment on the merits, or a motion in the cause, strictly speaking, and hence it can be heard anywhere in the district." (citing cases) *Moore v. Moore,* 130 N.C. 333, 41 S.E. 943.

In so far as custody is concerned, the defendant, having attended and participated in the hearing in the district before the judge regularly holding the courts, is bound by the judgment entered. *Griffin v. Griffin,* 237 N.C. 404, 75 S.E. 2d 133; *Heuser v. Heuser,* 234 N.C. 293, 67 S.E. 2d 57; *Pate v. Pate,* 201 N.C. 402, 160 S.E. 450. The *Griffin* case involved custody alone.

Pending the defendant's appeal to this Court from Judge Bundy's order allowing alimony and counsel fees and fixing custody, the plaintiff filed a verified motion in the cause, stating the defendant had wilfully violated the order both as to the payment of alimony and as to the custody of the child. Judge Bundy ordered the defendant to appear and show cause why he should not be held in contempt. At the

hearing Judge Bundy found the defendant had wilfully violated the order and was in wilful contempt. Nevertheless he concluded that because the appeal was then pending he had no power to punish for contempt and dismissed the show cause proceeding. Both parties gave notice of appeal. The defendant, only, brought the record of the show cause proceeding here, designating it as his second appeal.

Our decisions appear to be uniform in holding an appeal to this Court removes a cause from the superior court which is thereafter without power to proceed further until the cause is returned by the mandate of this Court. *Lawson v. Lawson,* 244 N.C. 689, 94 S.E. 2d 826; *Bailey v. McPherson,* 233 N.C. 231, 63 S.E. 2d 559; *Cameron v. Cameron,* 231 N.C. 123, 56 S.E. 2d 384; *Lawrence v. Lawrence,* 226 N.C. 221, 37 S.E. 2d 496; *Ridenhour v. Ridenhour,* 225 N.C. 508, 35 S.E. 2d 617; *Ragan v. Ragan,* 214 N.C. 36, 197 S.E. 554; *Vaughan v. Vaughan,* 211 N.C. 354, 190 S.E. 492; *Page v. Page,* 167 N.C. 346, 83 S.E. 625. "The general rule is universally recognized that a duly perfected appeal or writ of error divests the trial court of further jurisdiction of the cause in which the appeal has been taken. The jurisdiction over the cause is transferred to the appellate court." 3 Am. Jur., Appeal and Error, § 528.

Judge Bundy was correct in holding that the superior court was divested of jurisdiction by the appeal. Consequently the findings of wilful violation of the *pendente lite* order for the payment of alimony and counsel fees were without authority and are void. However, with respect to the money judgments, the appeal does not stay execution against the defendant's property for the collection of the judgment unless a stay or *supersedeas* is ordered. The appeal stays contempt proceedings until the validity of the judgment is determined. But taking an appeal does not authorize a violation of the order. One who wilfully violates an order does so at his peril. If the order is upheld by the appellate court, the violation may be inquired into when the case is remanded to the superior court.

In a custody case, the court acquires jurisdiction of the child as well as the parent. The child thus becomes a ward of the court. The court's duty to its ward should not be held in abeyance pending appellate review. Does jurisdiction to see that the child is properly cared for remain in the superior court after the appeal, or does the appeal transfer the jurisdiction to the appellate court? Am. Jur., 17A, Divorce and Separation, § 814, p. 11, and A.L.R. 163, p. 1323, deal with the question in almost identical terms. "Jurisdiction . . . of custody of children, . . . pending appeal . . . This question usually has arisen in respect of the enforcement or modification, pending appeal, of the order or decree of the trial court. In some jurisdictions the appellate court has

JOYNER v. JOYNER.

exclusive jurisdiction concerning custody during the pendency of the appeal. (Citing many cases, including *Page v. Page, supra.*) Contrary to the foregoing rules, it is held in other jurisdictions that the power to make or enforce custody orders pending an appeal . . . is in the trial court." A third view is that the question of which court has jurisdiction depends upon whether a stay or *supersedeas* has been granted. *Gotthelf v. Fickett,* 37 Ariz. 322, 294 P. 837, on rehearing 37 Ariz. 413, 294 P. 840. The North Carolina cases fit into the general rule that appeal removes the entire proceeding to the Supreme Court and leaves the superior court *functus officio* until the cause is remanded. This seems to be true even in custody cases both as to the order of custody and as to allowance for the child's support. "There is another reason especially arising out of the status of the case during appeal; under the circumstances of this case the judge was *functus officio,* his authority over the matters involved having ended with the appeal from the order of June 2, which took the case out of his jurisdiction." *Cameron v. Cameron, supra.* "The appeal from the order allowing support *pendente lite* for the child took the case out of the jurisdiction of the superior court. Pending the appeal the judge was *functus officio.* Hence the adjudication of contempt and the order of imprisonment are void and of no effect." *Lawrence v. Lawrence, supra.*

However, as in the case of a wife's alimony *pendente lite,* the allowance for the child may be enforced by execution against the defendant's property pending appeal unless stay or *supersedeas* is ordered. Surely, however, some more adequate provision should be made for the child during the legal battle of its parents. Frequently it is months after an appeal is taken until the record is seen here.

The contempt proceeding in this case was void. The findings of wilful violation are likewise void. The order allowing alimony, counsel fees, and custody, challenged by the first appeal, is affirmed. The order dismissing the contempt proceeding from which the defendant takes the second appeal, is likewise affirmed. However, the finding of wilful contempt is a nullity. The superior court having been deprived of jurisdiction by the appeal, and the proceeding consequently without effect, nevertheless the question of the wilful violation of the court's order may be investigated by the superior court when the case is remanded to that court. The defendant's motion suggesting diminution of the record is allowed. The plaintiff's motion to dismiss the appeal is denied. The defendant will pay all costs.

Affirmed.

SHARP, J., took no part in the consideration or decision of this case.