## CHARLES ELTON UPTON v. MARY ROBERTS UPTON

### No. 7216DC84

(Filed 29 March 1972)

**Appeal and Error § 16; Divorce and Alimony § 21— support order — appeal pending — contempt proceedings**

The trial court was without jurisdiction to enforce a support order by contempt proceedings while plaintiff's appeal from that order was pending in the Court of Appeals, since an appeal removes a cause from the trial court which is thereafter without power to proceed further until the cause is returned by mandate of the appellate court; however, if the order is upheld by the appellate court, the violation may be inquired into when the case is remanded to the district court, including any violation that occurred while the order was pending on appeal. G.S. 1-294.

APPEAL by plaintiff from *Gardner, District Judge,* 20 September 1971 Session of District Court held in ROBESON County.

This appeal is from an order entered after a show cause hearing on 16 September 1971 to determine if plaintiff was in contempt of prior court orders. Defendant's verified motion, filed 3 September 1971, alleged that plaintiff "has failed to comply with the orders of this court for the support of the two children of the parties, and is in default of the payments required by the orders of this court to be made by him for support of the two children of the parties for the period of April 26, 1971 through the date of this motion. . . . "

The court concluded that plaintiff had wilfully failed to make payments previously ordered, adjudged him in contempt, and ordered him confined in jail until he purges himself of contempt by paying into court the amount of his arrearage ($1705.00) and a fee of $150.00 for defendant's counsel.

*Ottway Burton for plaintiff appellant.*

*McLean, Stacy, Henry & McLean by William S. McLean for defendant appellee.*

GRAHAM, Judge.

Plaintiff contends the trial court was without jurisdiction to enter the contempt order because at the time it was entered, the order which plaintiff allegedly violated was pending on appeal in this Court. We agree.

An initial support order was entered in this cause on 28 August 1967. In that order plaintiff was ordered, among other things, to pay to defendant $60.00 a week for the support of their children and to make monthly mortgage payments in the sum of $170.00 on the home occupied by defendant and the children.

On 16 March 1971, plaintiff was found in default under this judgment and was ordered to pay the sum of $800.00 into the office of the clerk of superior court or to deliver possession of his pickup truck to a commissioner on or before 29 March 1971. The commissioner was appointed by the court to sell the truck and apply the net proceeds toward plaintiff's arrearage.

On 29 March 1971, plaintiff filed a motion seeking a reduction in the amounts required to be paid under the order of 28 August 1967.

A hearing was held on 22 April 1971 and on 26 April 1971 the court entered two orders: In one order plaintiff was adjudged in contempt and sentenced to ten days in jail for failing to make payments or deliver possession of the pickup truck to the commissioner in compliance with the order of 16 March 1971. In the second order, the court found that plaintiff was financially unable to meet the requirements of the order of 28 August 1967 and ordered that weekly payments of $60.00, and the monthly mortgage payment of $170.00, be reduced to a total monthly payment of $300.00 until 1 May 1972 at which time the payments required under the 1967 order would be reinstated unless otherwise ordered. Plaintiff appealed both orders and his appeals were pending in this Court on the date the order now appealed from was entered. An opinion affirming both orders was filed on 20 October 1971. *Upton v. Upton,* 12 N.C. App. 579, 183 S.E. 2d 866.

Defendant's motion that resulted in the contempt order now under appeal alleged that plaintiff "is in default of the payments required by the orders of this court to be made by him . . . for the period of April 26, 1971 through the date of this motion. . . . " The support payments plaintiff was obligated to make during this period were those which had been ordered in one of the orders entered on 26 April 1971 and appealed to this Court. While this order was pending on appeal, the trial judge was without jurisdiction to enforce it by a con-

tempt order. An appeal removes a cause from the trial court which is thereafter without power to proceed further until the cause is returned by mandate of the appellate court. G.S. 1-294; *Joyner v. Joyner,* 256 N.C. 588, 124 S.E. 2d 724, and cases cited.

Defendant contends the district court had jurisdiction to proceed with the contempt hearing because the question involved was not affected by the appeal. A trial court may proceed upon any matter not affected by the judgment appealed from. G.S. 1-294. However, the plaintiff was found guilty of violating the very order then being questioned on appeal. The order's validity was being challenged on various grounds, including the ground that the court abused its discretion in allowing only a nominal reduction in support payments when the evidence showed plaintiff had no income or money and that he had substantial debts including tax assessments of approximately $7,000.00.

It is noted that while the appeal stayed contempt proceedings until the validity of the order was determined, taking the appeal did not authorize a violation of the order. "One who wilfully violates an order does so at his peril. If the order is upheld by the appellate court, the violation may be inquired into when the case is remanded to the superior court." *Joyner v. Joyner, supra* at 591, 124 S.E. 2d at 727.

Since the order has been affirmed and remanded to the District Court of Robeson County, that court is now at liberty to investigate plaintiff's willful violation of the order, including any violation that occurred while the order was pending on appeal. Should such inquiry be made, the issue of whether plaintiff possessed the means to comply with the order during the period when he was in default should be determined by specific findings of fact. *Mauney v. Mauney,* 268 N.C. 254, 150 S.E. 2d 391; *Cox v. Cox,* 10 N.C. App. 476, 179 S.E. 2d 194. The order presently before us appears insufficient in this respect.

Vacated.

Judges CAMPBELL and BRITT concur.