Traywick v. Traywick

---

VIVIAN R. TRAYWICK v. RALPH C. TRAYWICK

No. 7620DC367

(Filed 3 November 1976)

1. Appeal and Error § 16— authority of trial court pending appeal

When an order arising from a domestic case is appealed, the cause is taken out of the jurisdiction of the trial court and put into the jurisdiction of the appellate court, and, pending the appeal, the trial judge is *functus officio* and without authority to act in the matter.

2. Appeal and Error § 16; Divorce and Alimony § 18— divorce action — new trial ordered — case certified to trial court — jurisdiction to determine motion for contempt

After an appellate court reversed judgment on the merits in an action for alimony without divorce, ordered a new trial and certified the case back to the district court, the district court then had jurisdiction to entertain a motion in the cause that defendant be adjudged in contempt for failure to comply with an alimony *pendente lite* order entered prior to the first trial.

APPEAL by plaintiff from order of *Crutchfield, Judge*. Order entered 3 March 1976 in District Court, UNION County. Heard in the Court of Appeals 15 September 1976.

On 20 February 1974, plaintiff instituted this action against her husband seeking alimony without divorce, alimony pendente lite, and attorneys fees. On 6 March 1974, defendant filed an answer in which he contested plaintiff's right to relief. Following notice and a hearing on plaintiff's motion, Crutchfield, Judge, signed an order on 15 March 1974 which ordered, inter alia, that defendant "pay for the plaintiff alimony *pendente lite* in the amount of $100.00 per month, such payments to be made in the office of the Clerk of the Superior Court of Union County, on the 20th day of each month, beginning on March 20, 1974, and continuing on the 20th day of each month thereafter, which sums shall be paid by the Clerk to the plaintiff." Neither party appealed from this order.

The action came to trial in Union County District Court in March, 1975, at which time the jury answered all issues in favor of plaintiff. On 14 March 1975, Webb, Judge, entered judgment awarding permanent alimony for plaintiff, and defendant appealed. The Court of Appeals reversed the judgment, *Traywick v. Traywick*, 28 N.C. App. 291, 221 S.E. 2d 85 (1976), and ordered a new trial. On 19 January 1976, the Court of Appeals entered its judgment which stated in pertinent part:

> "This cause came on to be argued upon the transcript of the record from the Union District Court. Upon consideration whereof, this Court is of the opinion that there is error in the record and proceedings of said trial tribunal.
>
> It is therefore considered and adjudged by the Court here that the opinion of the Court as delivered by the Honorable David M. Britt, Judge, be certified to said trial tribunal, to the intent that a new trial is awarded.
>
> * * *
>
> Certified to the District Court this 19th day of January, 1976."

On 29 January 1976, plaintiff filed a motion in the cause in which she alleged that defendant had violated the 15 March 1974 order for alimony pendente lite and that these monthly payments were $1,100 in arrears. After notice, Webb, Judge, entered an order on 10 February 1976 which, inter alia, directed

Traywick v. Traywick

defendant to appear on 3 March 1976 and show cause why he should not be held in contempt for violation of the order. On 3 March, the matter was heard, but Crutchfield, Judge, entered an "Order Refusing to Hear Motion to Hold Defendant in Contempt," which stated:

"AND IT APPEARING TO THE COURT AND THE COURT FINDS AS A FACT:

\* \* \*

6. That at the hearing on March 3, 1976, the plaintiff tendered to the Court evidence that the defendant had failed to comply with the provisions of the March 15, 1974 Order for alimony *pendente lite*, including, but not limited to, his failure to make any payments of alimony *pendente lite* in the amount of $100.00 for the period between March 20, 1975 and February 20, 1976, but the Court refused to allow the plaintiff to present said evidence.

AND IT BEING THE OPINION OF THE COURT AND COURT CONCLUDES AS A MATTER OF LAW:

That the decision and opinion of the Court of Appeals in ordering a new trial and setting aside the Judgment entered on the verdict, which opinion has been certified to the Union County District Court, leaves the Union County District Court *functus officio* and without authority or jurisdiction to hear the MOTION IN THE CAUSE or to adjudge the defendant in contempt for his failure to make payments of alimony *pendente lite* or to otherwise comply with the terms of the March 15, 1974 Order or alimony *pendente lite*."

Plaintiff appeals from this order of 3 March 1976.

*Clark & Griffin, by Richard S. Clark, for plaintiff appellant.*

*William H. Abernathy for defendant appellee.*

MORRIS, Judge.

[2] The sole question for consideration on this appeal is whether the district court had jurisdiction to entertain a motion in the cause and to adjudge defendant guilty of contempt for failure to comply with the alimony pendente lite order, after the judgment on the merits had been reversed on other grounds,

a new trial was ordered and the case was certified back to the trial court by this Court. The plaintiff contends that once the case was returned by the Court of Appeals to the district court, the district court had jurisdiction to inquire into defendant's violation of the alimony pendente lite order. We are constrained to agree.

[1]  It is the general rule in North Carolina that when an order arising from a domestic case is appealed, the cause is taken out of the jurisdiction of the trial court and put into the jurisdiction of the appellate court. Pending the appeal, the trial judge is *functus officio* and is without authority to act in the matter. *Joyner v. Joyner,* 256 N.C. 588, 124 S.E. 2d 724 (1962) ; *Lawson v. Lawson,* 244 N.C. 689, 94 S.E. 2d 826 (1956) ; *Lawrence v. Lawrence,* 226 N.C. 221, 37 S.E. 2d 496 (1946). This is not to say, however, that the trial court may never reexamine an order in the cause after appellate review has been conducted.

> "The general rule is that an appeal or writ of error, when duly perfected, divests the trial court of jurisdiction of the cause and transfers such jurisdiction to the appellate court *where it remains until the appellate proceeding terminates and the trial court regains jurisdiction.*" 4 Am. Jur. 2d, Appeal and Error, § 352, pp. 830-31. (Emphasis supplied.)

The rule that the trial court regains jurisdiction over the cause after the completion of appellate review was implicitly recognized by our Supreme Court in the case of *Joyner v. Joyner, supra*. There, the trial court awarded alimony pendente lite to the plaintiff wife, and the husband appealed. While his appeal was pending, the wife sought to hold the husband in contempt for failure to pay according to the alimony order. The trial court judge held that he was *functus officio* and without authority to make any further orders while the case was on appeal. In affirming the lower court's order, the Supreme Court said:

> "Judge Bundy was correct in holding that the superior court was divested of jurisdiction by the appeal. . . . The appeal stays contempt proceedings until the validity of the judgment is determined. *But taking an appeal does not authorize a violation of the order. One who wilfully violates an order does so at his peril. If the order is upheld by the appellate court, the violation may be inquired into when*

Traywick v. Traywick

*the case is remanded to the superior court."* 256 N.C. at 591. (Emphasis supplied.)

Similarly, in *Upton v. Upton,* 14 N.C. App. 107, 187 S.E. 2d 387 (1972), this Court reviewed an order holding a defendant husband in contempt for violation of a child support order which was pending appeal at the time. We said (at p. 109) that "An appeal removes a cause from the trial court which is thereafter without power to proceed further *until the cause is returned by mandate of the appellate court."* (Emphasis supplied.)

[2] When this Court certified the case back to the Union County District Court on 19 January 1976, that trial court regained the jurisdiction over the case.

"When the Supreme Court has decided the case and the decision has been certified to the superior court, its jurisdiction over the case is at an end. The 'legal link or string' which brought the case up for review is broken, and the case goes 'back home' to the superior court, to be there proceeded with in accordance with the decision of the appellate court." 1 McIntosh, N. C. Practice and Procedure, § 65, p. 40 (2d ed. 1956).

The trial court's jurisdiction was not limited in this case to holding the new trial.

"The jurisdiction of the lower court reattaches on remand and it may take such action as law and justice may require under the circumstances as long as it is not inconsistent with the mandate and judgment of the appellate court." 5B C.J.S., Appeal and Error, § 1965, p. 574.

Accordingly, we hold that the district court had jurisdiction to hear plaintiff's motion regarding the alimony pendente lite order. The order is

Reversed.

Judges HEDRICK and ARNOLD concur.