Clarke v. Clarke

INA LOUISE KOONTZ CLARKE v. KAY DIAMOND CLARKE

No. 7818DC493

(Filed 17 June 1980)

1. **Divorce and Alimony § 18.18– alimony pendente lite order superseded by final judgment**

   Defendant's contention that the pendente lite order entered 12 January 1976 remained in effect and could be enforced by contempt proceedings in the district court until the validity of the final judgment dated 9 November 1977 should be finally determined on appeal was without merit, since the pendente lite order by its express language was effective only "pending the trial of this action," and it was in all respects superseded by the final judgment entered 9 November 1977 from which defendant appealed.

2. **Divorce and Alimony § 21.5; Appeal and Error § 16.1– violations of alimony and child support orders – orders being appealed – punishment for contempt improper**

   Where defendant appealed from final judgment entered on 9 November

1977 providing for divorce from bed and board, alimony and child support, two orders dated 22 December 1977 punishing defendant for contempt are void and must be vacated; however, after determination of the appeal, defendant may be punished for contempt if pending the appeal he has wilfully failed to comply with the terms of the 9 November 1977 judgment.

3. **Rules of Civil Procedure § 33– interrogatories – failure to serve in apt time – no answer required**

In actions for divorce from bed and board, child support and alimony, and to recover damages for assault and battery, the trial court did not err in ruling that plaintiff need not answer interrogatories which defendant had filed in each case, since defendant filed his interrogatories sixteen months after his answer, the last required pleading, had been filed in the alimony case; although only 119 days had elapsed since defendant's answer had been filed in the assault and battery case, no good cause was shown why defendant waited so long to begin discovery; and it was manifest that, having waited so long, defendant would be unable to complete discovery within the 120 day period prescribed in Rule 8 of the General Rules of Practice for the Superior and District Courts.

4. **Assault and Battery § 3.1; Divorce and Alimony § 17.1– alimony action – assault and battery action – sufficiency of evidence**

In actions to recover damages for assault and battery and to recover alimony, evidence was sufficient to be submitted to the jury where it tended to show that defendant deliberately struck plaintiff on the head with a baseball bat after threatening to kill her, causing her serious injuries; defendant testified and admitted he held the bat in his hand when it came in contact with plaintiff's head, though he denied that he had deliberately struck her with it; and plaintiff's evidence showed a long continued course of conduct on the part of defendant characterized by unprovoked physical and verbal abuse of plaintiff by defendant.

5. **Divorce and Alimony § 17.1– dependent and supporting spouses – determination by court**

The trial court in an alimony action did not err in refusing to submit to the jury issues as to plaintiff's status as a dependent spouse and defendant's status as the supporting spouse, since those issues present mixed questions of law and fact which can best be determined by the trial judge when he sets the amount of permanent alimony.

6. **Divorce and Alimony § 17.1– alimony without divorce prayed for – granting of divorce from bed and board improper**

That portion of the trial court's order granting a divorce from bed and board must be vacated, since plaintiff's complaint alleged a claim for alimony without divorce; plaintiff did not ask for a divorce from bed and board in her complaint; and plaintiff's complaint was not verified in the manner required by G.S. 50-8 for actions for divorce.

.

Clarke v. Clarke

**7. Assault and Battery § 3.1– civil assault action – jury instructions improper**

Defendant is entitled to a new trial in an action for assault and battery since it was error for the trial court to instruct the jury that "if you believe the evidence, you may find that defendant assaulted the plaintiff," since defendant's evidence showed that no assault occurred, and it was error for the court to instruct the jury concerning plaintiff's right to recover for injuries proximately resulting from defendant's negligence, since plaintiff's claim was not based upon any allegations or evidence as to negligence on the part of defendant.

**8. Appeal and Error § 18– unnecessary material in record on appeal – cost of appeal assessed against defendant**

Costs of the appeal were assessed against defendant because his counsel included much unnecessary matter in the record on appeal. Appellate Rule 9(b) (5).

APPEAL by defendant from *Hatfield, Judge*. Judgments entered 7 and 9 November 1977 in District Court, GUILFORD County. Heard in the Court of Appeals 26 February 1979.

Plaintiff-wife instituted Case No. 75CVD6523 on 21 October 1975 by filing complaint seeking alimony without divorce on allegations that defendant-husband had constructively abandoned her, had offered such indignities to her person as to render her condition intolerable and life burdensome, and that by cruel and barbarous treatment he had endangered her life. She alleged that she was the dependent spouse, her husband the supporting spouse, and she prayed for custody of two minor children, child support, and alimony pendente lite. On 5 November 1975 defendant filed answer admitting his marriage to the plaintiff and birth of the children, but otherwise denying the material allegations of the complaint.

On 12 January 1976 a pendente lite order was entered awarding custody of the children to the plaintiff, granting defendant visitation rights, and ordering defendant to pay plaintiff $150.00 per month as temporary support for the plaintiff and $175.00 per month for the support of each of the two minor children pending the trial of this action. Plaintiff was also awarded possession of the home of the parties in Greensboro as temporary support for herself and the two minor children pend-

Clarke v. Clarke

ing the trial of the action, and defendant was ordered to remain away from the home except for purposes of visiting the children or upon the express invitation of the plaintiff. There was no appeal from this order.

While Case No. 75CVD6523 was pending and prior to trial of that case, plaintiff brought Case No. 76CVD5292 by filing complaint on 10 August 1976 in which she alleged that at approximately 4 a.m. on 3 August 1976, while she and defendant were living separate and apart pursuant to the 12 January 1976 order, she was awakened to find that defendant had forcibly entered her home wearing rubber gloves and holding a baseball bat in one hand and a gun in the other, that he told her he had come to kill her, and that he struck her forcefully on the head with the baseball bat causing severe and painful injuries. Plaintiff prayed for recovery of actual and punitive damages. Defendant filed answer on 12 November 1976 denying the material allegations of the complaint in Case No. 76CVD5292. By stipulation of the parties Case No. 76CVD5292 was consolidated for trial with the previously pending Case No. 75CVD6523, and the two cases were tried together at the 24 October 1977 civil jury session of district court in Guilford County.

In Case No. 76CVD5292 the jury answered issues finding that defendant had committed an assault and battery upon the plaintiff and awarding her $5,000.00 actual and $17,500.00 punitive damages. On 7 November 1977 the court entered judgment on the verdict in that case.

In Case No. 75CVD6523 the jury answered issues finding that defendant had willfully abandoned the plaintiff without just cause or provocation and that without provocation he had offered such indignities to her person as to render her condition intolerable and life burdensome. Following rendition of the verdict in Case No. 75CVD6523 the court, sitting without the jury, heard evidence with respect to plaintiff's status as the dependent spouse and the defendant's status as the supporting spouse and the amount of permanent alimony and counsel fees, if any, which should be awarded. On 9 November 1977 the court signed judgment in Case No. 75CVD6523 making detailed findings of fact, on the basis of which, and on the basis of the jury's

Clarke v. Clarke

verdict on the issues of abandonment and indignities, the court concluded as matters of law that plaintiff was entitled to a divorce from bed and board and that she was the dependent and defendant was the supporting spouse. The court's judgment granted plaintiff a divorce from bed and board, ordered defendant to pay her $150.00 per month as permanent alimony, ordered him to pay $175.00 per month per child for the support of the minor children, and awarded plaintiff and the minor children exclusive possession of the homeplace. The judgment also ordered defendant to pay plaintiff on 11 November 1977 the sum of $2,000.00 as permanent alimony in addition to the monthly payments, which sum the court found reasonable to relocate plaintiff and the children into the home which plaintiff had left after defendant had assaulted her on 3 August 1976, and to restore the home to a state of reasonable repair. The court also ordered defendant to pay $5,000.00 counsel fees for plaintiff's attorneys.

In apt time defendant gave notice of appeal from the judgments entered in both Case No. 75CVD6523 and Case No. 76CVD5292. On plaintiff's motion filed in Case No. 75CVD6523, the court entered an order in that case directing defendant to appear and show cause why he should not be held in contempt of court for failure to make the payments as previously ordered in that case. Pursuant to this show cause order, defendant and his counsel appeared before the trial judge, District Judge John B. Hatfield, on 16 December 1977, at which time defendant, through counsel, objected to the contempt proceedings being heard while the case was pending on appeal. The court overruled the objection, and proceeded with the hearing. During the course of the hearing, plaintiff's counsel called the defendant to the stand to testify. On advice of his counsel, defendant refused to testify. Judge Hatfield thereupon entered an order dated 16 December 1977 directing defendant to appear before District Judge Washington on 19 December 1977 to ascertain if defendant was in contempt of court for refusing to obey the court's order that he take the stand. Later, Judge Hatfield on his own motion modified this order to direct defendant to appear before Judge Pfaff rather than before Judge Washington. Following a hearing held 19 December 1977, Judge Pfaff entered an order dated 22 December 1977 finding defendant guilty of contempt

for having refused to testify, for which contempt the court imposed a fine of $100.00.

On the same day, 22 December 1977, Judge Hatfield entered an order in Case 75CVD6523 in which he concluded as a matter of law that until the judgment entered in that case on 9 November 1977 should become final pending the disposition of the appeal from that judgment, defendant was required to continue to comply with the pendente lite order which had been entered on 12 January 1976. The court found that defendant had continued to pay the child support payments but since 9 November 1977 had willfully failed to make the payments of alimony which had become due after entry of the 9 November 1977 judgment. On these findings and conclusions, Judge Hatfield found defendant in contempt and ordered him imprisoned for ten days, with execution to be stayed in event defendant should make immediate payment of all arrearages in the payment of alimony.

In apt time defendant noted appeals from the two orders dated 22 December 1977, one entered by Judge Pfaff and the other entered by Judge Hatfield, finding him in contempt.

*William W. Jordan for plaintiff appellee.*

*Samuel M. Moore and Robert S. Cahoon for defendant appellant.*

PARKER, Judge.

Defendant appeals from the final judgment entered 7 November 1977 in Case No. 76CVD5292, from the final judgment entered 9 November 1977 in Case No. 75CVD6523, and from the two orders dated 22 December 1977 punishing him for contempt in Case No. 75CVD6523. We shall deal first with the questions raised by defendant's appeal from the two orders finding him in contempt of court.

[1,2] When defendant appealed from the final judgment entered 9 November 1977 in Case No. 75CVD6523, the district court was divested of jurisdiction to hear and determine contempt proceedings in that case. *Beall v. Beall,* 290 N.C. 669, 228 S.E. 2d 407

Clarke v. Clarke

(1976); *Joyner v. Joyner*, 256 N.C. 588, 124 S.E. 2d 724 (1962); *Lawson v. Lawson*, 244 N.C. 689, 94 S.E. 2d 826 (1956). Plaintiff's contention that the pendente lite order entered 12 January 1976 remained in effect and could be enforced by contempt proceedings in the district court until the validity of the final judgment dated 9 November 1977 should be finally determined on this appeal is without merit. The pendente lite order by its express language was effective only "pending the trial of this action," and it was in all respects superseded by the final judgment entered 9 November 1977 from which defendant appealed. The district court having been rendered *functus officio* by the appeal, the two orders dated 22 December 1977 punishing defendant for contempt of court are void and must be vacated. This is not to say, however, that defendant may not hereafter be punished for contempt if pending this appeal he has wilfully failed to comply with the terms of the 9 November 1977 judgment. As pointed out by our Supreme Court in its opinion in *Joyner*, "taking an appeal does not authorize a violation of the order. One who wilfully violates an order does so at his peril. If the order is upheld by the appellate court, the violation may be inquired into when the case is remanded to the [trial] court." *id.* at 591, 124 S.E. 2d at 727; *See, Traywick v. Traywick*, 31 N.C. App. 363, 229 S.E. 2d 220 (1976).

[3] Turning to the questions raised by defendant's appeal from the final judgment entered 9 November 1977 in Case No. 75CVD6523 and from the final judgment entered 7 November 1977 in Case No. 76CVD5292, we note that by his first assignment of error the defendant challenges a pretrial ruling made by the trial court on 19 March 1977 that plaintiff need not answer interrogatories which defendant had filed in each case. There was no error in this ruling. Rule 8 of the General Rules of Practice for the Superior and District Courts as adopted by our Supreme Court pursuant to G.S. 7A-34 provides:

8. Discovery

All desired discovery shall be completed within 120 days of the date of the last required pleading. For good cause shown, a judge having jurisdiction may enlarge the period of discovery.

Counsel are required to begin promptly such discovery proceedings as should be utilized in each case, and are authorized to begin even before the pleadings are completed. Counsel are not permitted to wait until the pre-trial conference is imminent to initiate discovery.

Defendant here waited until 11 March 1977 to file his interrogatories. This was more than sixteen months after defendant's answer, the last required pleading, had been filed in the alimony case. Although it was only 119 days after his answer had been filed in the assault and battery case, no good cause was shown why defendant waited so long to begin discovery, and it was manifest that, having waited so long, defendant would be unable to complete discovery within the 120 day period prescribed in the rule. Defendant's first assignment of error is overruled.

[4] We also find no error in the denial of defendant's motions for directed verdict in each case. In the assault and battery case, plaintiff's evidence showed that defendant deliberately struck her on the head with a baseball bat after threatening to kill her, causing her serious injuries. Defendant testified and admitted he held the bat in his hand when it came in contact with his wife's head, though he denied that he had deliberately struck her with it. In the alimony case, plaintiff's evidence showed a long continued course of conduct on the part of the defendant characterized by unprovoked physical and verbal abuse of the plaintiff by the defendant. Defendant's evidence was to the contrary. Viewed in the light most favorable to the plaintiff, the evidence was clearly sufficient to require submission of each case to the jury.

[5] Defendant assigns error to the refusal of the court in the alimony case to submit to the jury issues as to plaintiff's status as a dependent spouse and defendant's status as the supporting spouse. We find no error in this ruling. This Court has already held that the issues of who is a "dependent spouse" and who a "supporting spouse" present mixed questions of law and fact which can best be determined by the trial judge when he sets the amount of permanent alimony. *Earles v. Earles*, 26 N.C.

Clarke v. Clarke

App. 559, 216 S.E. 2d 739 (1975), *cert. denied,* 288 N.C. 239, 217 S.E. 2d 679 (1975) *Bennett v. Bennett,* 24 N.C. App. 680, 211 S.E. 2d 835 (1975).

Defendant excepted and assigned error to certain of the court's findings of fact in the alimony case on the basis of which the court concluded that defendant was the supporting and the plaintiff the dependent spouse and on the basis of which the court entered its award of alimony. A careful review of the record reveals that the court's crucial findings of fact are amply supported by competent evidence, and defendant's assignment of error based on exceptions to the court's factual findings is overruled.

[6] Defendant excepted and assigned error to that portion of the judgment in Case No. 75CVD6523 in which the court awarded plaintiff a divorce from bed and board. This assignment of error has merit. Plaintiff's complaint alleged a claim for alimony without divorce. She did not ask for a divorce from bed and board in her complaint, nor was her complaint verified in the manner required by G.S. 50-8 for actions for divorce. Therefore, that portion of the judgment entered in Case No. 75CVD6523 which purports to grant a divorce from bed and board must be vacated.

Defendant noted more than fifty exceptions to the court's charge to the jury and has made a number of these the basis for assignments of error brought forward on this appeal. We have carefully examined all of these and are of the opinion that, insofar as the court's charge to the jury related to the alimony case, no error prejudicial to the defendant occurred. In the court's charge in the assault and battery case, however, we find prejudicial error. In that connection the court charged:

> The plaintiff testified that the defendant entered her home without her permission and he struck her with a baseball bat; that he had in his possession rubber gloves, a baseball bat, and a pearl handled pistol. In addition, there was testimony tending to show that there might have been another weapon.

If you believe the evidence, you may find that the defendant assaulted the plaintiff.

If you believe that the defendant pointed the gun at the plaintiff; that he subjected her to some period of — in the bathroom in which he pointed the gun, and if you find that he administered or threatened her with the gun, you may find that he assaulted her.

If you further find from the facts that the defendant struck the plaintiff with the baseball bat as alleged in the Complaint and is alleged from the evidence, you may find that the defendant did commit assault and battery against the plaintiff.

Therefore, I charge you that if you find by the greater weight of the evidence that the defendant threatened or attempted by force or violence to do some injury and apparently had the ability to commit such injury, and if you further find that such was under circumstances that created a reasonable apprehension of injury in the plaintiff, then it would be your duty to answer the issue "Yes" in favor of the plaintiff.

On the other hand, if after considering all of the evidence, the plaintiff has failed to so prove, you will answer this issue "No" in favor of the defendant.

If you further find by the greater weight of the evidence that the defendant touched the plaintiff without her consent in a rude or angry manner, then it would be your duty to answer this issue of battery in favor of the plaintiff.

On the other hand, if after considering all of the evidence, the plaintiff has failed to so prove, you will answer this issue "No" in favor of the defendant. A person who suffers personal injury proximately caused by the negligence of another is entitled to recover in a lump sum the present worth of all damages, past and present, which naturally and proximately resulted from such negligence of such an act.

Such damages can include medical expenses, pain and suffering, compensation for scars or disfigurement. Medical expenses include the actual expenses that you find by the greater weight of the evidence that has been paid or incurred by the plaintiff as a proximate result of the defendant's negligence — defendant's deliberate act.

[7] Although the issues in the assault and battery case were simple and it is possible that the jury was not misled by the court's confusing instructions, defendant was nevertheless entitled to have the case submitted to the jury under clear and correct instructions. It was error for the court to instruct the jury that "[i]f you believe the evidence, you may find that the defendant assaulted the plaintiff," since defendant's evidence showed that no assault occurred. It was also error for the court to instruct the jury concerning plaintiff's right to recovery for injuries proximately resulting from defendant's negligence, since plaintiff's claim was not based upon any allegations or evidence as to negligence on the part of the defendant. For error in the charge, defendant must be awarded a new trial in the assault and battery case.

We have examined all of defendant's remaining assignments of error and find them without merit.

[8] Finally, we take note of the fact that defendant's counsel failed in a number of respects to comply with our Rules of Appellate Procedure. For example, Rule 10(c) directs that each assignment of error "shall, so far as practicable, be confined to a single issue of law." A number of defendant's assignments of error present multiple issues of law. Rule 9(b) specifies what shall be included in the record on appeal, and subsection (5) of that Rule provides as follows:

(5) *Inclusion of Unnecessary Matter: Penalty.* It shall be the duty of counsel for all parties to an appeal to avoid including in the record on appeal matter not necessary for an understanding of the errors assigned. The cost of including such matter may be charged as costs to the party or counsel who caused or permitted its inclusion.

In the record on appeal in the present case defendant's counsel have included much unnecessary matter. For example, the entire charge of the court to the jury appears in full twice, Judge Pfaff's order finding defendant in contempt appears in full twice, and the final judgment dated 9 November 1977 entered in the alimony case appears in full three times. Once would have been enough for each. It is possible that this unnecessary repetition was in part due to counsel's failure to heed the admonition in Rule 10(c) that "[i]t is not necessary to include in an assignment of error those portions of the record to which it is directed, a proper listing of the exceptions upon which it is based being sufficient." Whatever the reason, the failure of defendant's counsel to comply with the Rules of Appellate Procedure in preparing the record on appeal has made our task in reviewing the legal issues sought to be presented much more difficult. Because defendant's counsel included much unnecessary matter in the record on appeal, the costs of this appeal will be assessed against the defendant.

The result is:

In Case No. 75CVD6523, the two orders dated 22 December 1977 finding defendant in contempt while this cause was pending on appeal to this Court are vacated; the final judgment dated 9 November 1977 is modified by striking therefrom and vacating that portion thereof which purports to grant a divorce from bed and board; as so modified said judgment is affirmed.

In Case No. 76CVD5292 defendant is awarded a new trial.

Defendant shall pay the costs of this appeal.

Judges HEDRICK and ERWIN concur.