ZACHARY, Judge.
 

 *157
 
 Plaintiff-Husband Thomas Steven Henson appeals from the trial court's Domestic Relations Order and Order Denying Rule 60 Motion. Because the trial court lacked subject-matter jurisdiction to enter the Domestic Relations Order, we reverse the Order Denying Rule 60 Motion and vacate the Domestic Relations Order.
 

 Background
 

 Plaintiff-Husband Thomas Steven Henson and Defendant-Wife Robin Black Henson married in June 1984 and separated in October 2010. Plaintiff-Husband filed a complaint seeking absolute divorce and equitable distribution on 8 December 2011. On 4 January 2012, Defendant-Wife filed an answer and counterclaim for equitable distribution, post-separation support, and alimony.
 

 The trial court entered an Equitable Distribution Order on 11 August 2015. Among the items distributed was Plaintiff-Husband's simplified
 
 *158
 
 employment pension IRA account ("SEP IRA"). While the parties stipulated
 
 *103
 
 that the SEP IRA was worth $51,524.00 at the time of separation, the SEP IRA had accumulated an additional $30,000 to $40,000 in growth by the date of the equitable distribution hearing. Neither party contributed to the SEP IRA after the date of separation, and Plaintiff-Husband maintained that any growth in the value of the SEP IRA following separation was passive. At trial, Plaintiff-Husband stated that he wanted to keep the SEP IRA "to let it keep earning money."
 

 The parties each submitted to the trial court a proposed equitable distribution order. Plaintiff-Husband's proposed equitable distribution order suggested the following in regard to the SEP IRA:
 

 Anderson and Strudwick SEP which is Plaintiff's retirement account with a stipulated value of $51,524.00 and Anderson and Strudwick IRA with a value of $4,783.67 which is Defendant's account. The IRA at a value of $4,783.67 is distributed to the Defendant and the SEP value of $51,524.00 is distributed to the Defendant.
 

 Defendant-Wife, however, proposed that
 

 [t]he Anderson & Strudwick account should be distributed to the defendant in the amount of $51,524.00 as well as passive gains and losses subsequently thereafter.
 

 The trial court's Equitable Distribution Order ultimately adopted Plaintiff-Husband's proposed order as it pertained to the SEP IRA, and distributed the account as follows:
 

 Anderson and Strudwick SEP which is Plaintiff's retirement account with a stipulated value of $51,524.00 and Anderson and Strudwick IRA with a value of $4,783.67 which is Defendant's account. The IRA at a value of $4,783.67 is distributed to the Defendant and the SEP value of $51,524.00 is distributed to the Defendant.
 

 Defendant-Wife filed notice of appeal from the Equitable Distribution Order on 10 September 2015. However, Defendant-Wife did not challenge the trial court's distribution of the SEP IRA in that appeal. On 6 June 2017, this Court filed an opinion in Defendant-Wife's appeal affirming in part and reversing and remanding in part the trial court's order. The mandate was issued on 26 June 2017.
 

 On 2 June 2017, four days prior to the issuance of this Court's opinion, Defendant-Wife's counsel sent an e-mail notifying both
 
 *159
 
 Plaintiff-Husband's trial and appellate counsel of a proposed Domestic Relations Order regarding the SEP IRA. Defendant-Wife's proposed Domestic Relations Order provided that
 

 There were no contributions by the [Plaintiff-Husband] into the SEP IRA since date of separation, therefore, the SEP IRA, inclusive of gains and losses since date of separation of the parties, is to be conveyed to the [Defendant-Wife], in its entirety inclusive of gains and losses since date of separation.
 

 A "read receipt" showed that the e-mail had been read; however, Defendant-Wife's counsel did not receive a response from Plaintiff-Husband's counsel. On 15 June 2017, Defendant-Wife submitted the proposed Domestic Relations Order to the trial court, along with a "Verification of Consultation With Opposing Counsel" indicating that Plaintiff-Husband's "counsel has not responded and this proposed judgment/order is submitted for your consideration." The trial court entered Defendant-Wife's proposed Domestic Relations Order on 20 June 2017 ("Domestic Relations Order").
 

 On 11 July 2017, Plaintiff-Husband filed a Rule 60 Motion requesting that the Domestic Relations Order be set aside for surprise or inadvertence. Plaintiff-Husband also filed a Motion to Stay enforcement of the order, which the trial court granted on 28 July 2017. The trial court denied Plaintiff-Husband's Rule 60 Motion following a hearing on 23 October 2017. Plaintiff-Husband appeals.
 

 Discussion
 

 On appeal, Plaintiff-Husband argues that the trial court erred in entering the Domestic Relations Order and denying his Rule 60 Motion (1) because the trial court lacked subject-matter jurisdiction over matters contained within the earlier Equitable Distribution Order by virtue of Defendant-Wife's appeal; (2) because the Domestic Relations Order "substantively altered" the Equitable Distribution Order despite not having been based on (a) "a properly filed motion seeking to either [ ] alter or obtain relief from
 
 *104
 
 the" Equitable Distribution Order or (b) "any showing of extraordinary circumstances and that justice demanded the alteration"; and (3) because the issue of the SEP IRA's gains and losses had been abandoned due to Defendant-Wife's failure to raise it in her first appeal.
 

 We first address Plaintiff-Husband's argument concerning the trial court's jurisdiction to enter the Domestic Relations Order, as we find it dispositive.
 

 *160
 

 I.
 

 "Whether a trial court has subject-matter jurisdiction is a question of law, reviewed
 
 de novo
 
 on appeal."
 
 McKoy v. McKoy
 
 ,
 
 202 N.C. App. 509
 
 , 511,
 
 689 S.E.2d 590
 
 , 592 (2010) (citation omitted). "[A]n appellate court has the power to inquire into [subject-matter] jurisdiction in a case before it at any time, even
 
 sua sponte
 
 ."
 
 Lee v. Winget Rd., LLC
 
 ,
 
 204 N.C. App. 96
 
 , 98,
 
 693 S.E.2d 684
 
 , 687 (2010) (citation and quotation marks omitted).
 

 II.
 

 Initially, Defendant-Wife contends that subject-matter jurisdiction was not a bar to the trial court's Domestic Relations Order because that order "did not alter or modify the equitable distribution order." Rather, Defendant-Wife maintains that the Equitable Distribution Order should be interpreted as distributing to her the "
 
 entire
 
 " value of the SEP IRA, inclusive of any passive gains. Defendant-Wife's logic is that (1) the Equitable Distribution Order intended for her to receive the entire value of the SEP IRA; (2) the Domestic Relations Order stated the same; and (3) therefore, in that it made no alteration to the Equitable Distribution Order, her pending appeal did not divest the trial court of jurisdiction to enter the Domestic Relations Order. Because this argument contravenes the express language found in the Equitable Distribution and Domestic Relations Orders, we disagree.
 

 Although Defendant-Wife repeatedly asserts that the Equitable Distribution Order awarded her "the entire SEP," this mischaracterizes the plain language of the trial court's Equitable Distribution Order, which ordered only that "the SEP value of $51,524.00 is distributed to the Defendant[-Wife]." Nowhere in the Equitable Distribution Order does the word "entire" or "entirety" appear. On the other hand, the Domestic Relations Order required that "[t]he SEP IRA shall distribute to [Defendant-Wife] ...
 
 in its entirety inclusive of gains and losses
 
 since date of separation[.]" (emphasis added). The Domestic Relations Order thus effectively distributed an additional value of roughly $30-$40,000 in passive growth to Defendant-Wife which the Equitable Distribution Order, by its express language, did not.
 

 Moreover, the fact that the Domestic Relations Order amended the original Equitable Distribution Order is further evidenced by the parties' proposed Equitable Distribution Orders. Defendant-Wife's proposed order requested that distribution of the SEP IRA include all passive gains and losses subsequent to the date of separation. However, the trial court rejected that proposal, opting instead to adopt the exact language contained in Plaintiff-Husband's proposed order. The trial court's exclusion
 
 *161
 
 of any language awarding passive gains and losses in the account to Defendant-Wife demonstrates the unambiguous nature of the Equitable Distribution Order, with which the subsequent Domestic Relations Order was in direct contradiction.
 

 Accordingly, we reject Defendant-Wife's assertion that the Domestic Relations Order did nothing to alter or amend the original Equitable Distribution Order's distribution of Plaintiff-Husband's SEP IRA. The Domestic Relations Order did just that. Therefore, we must consider whether the trial court had jurisdiction to make such an amendment.
 

 III.
 

 Plaintiff-Husband argues that Defendant-Wife's appeal from the Equitable Distribution Order divested the trial court of subject-matter jurisdiction over matters contained therein until this Court returned the case to the trial court by mandate on 26 June 2017. Because the trial court entered the Domestic Relations Order six days prior to the return of this Court's mandate, Plaintiff-Husband maintains that the Domestic
 
 *105
 
 Relations Order is void. On the other hand, Defendant-Wife argues that the trial court maintained jurisdiction over distribution of the SEP IRA account because it "was not an issue raised in Wife's prior appeal." We find Plaintiff-Husband's arguments persuasive.
 

 "[W]hen an order arising from a domestic case is appealed, the cause is taken out of the jurisdiction of the trial court and put into the jurisdiction of the appellate court."
 
 Traywick v. Traywick
 
 ,
 
 31 N.C. App. 363
 
 , 366,
 
 229 S.E.2d 220
 
 , 221 (1976). The general rule is that "an appeal from a trial court order 'stays all further proceedings in the court below upon the judgment appealed from, or upon the matter embraced therein.' "
 
 In re J.F.
 
 ,
 
 237 N.C. App. 218
 
 , 227,
 
 766 S.E.2d 341
 
 , 348 (2014) (quoting
 
 N.C. Gen. Stat. § 1-294
 
 (2017) ). At this stage in the proceedings, "[t]he lower court only retains jurisdiction to take action which aids the appeal and to hear motions and grant orders that do not concern the subject matter of the suit and are not affected by the judgment that has been appealed."
 
 Ross v. Ross
 
 ,
 
 194 N.C. App. 365
 
 , 368,
 
 669 S.E.2d 828
 
 , 831 (2008). Otherwise, the trial court will regain its jurisdiction only after the appellate review has been completed, which occurs when "the cause is returned by the mandate of [the appellate] [c]ourt."
 
 Joyner v. Joyner
 
 ,
 
 256 N.C. 588
 
 , 591,
 
 124 S.E.2d 724
 
 , 726 (1962). "[A]ny proceedings in the trial court after the notice of appeal are void for lack of jurisdiction."
 
 Romulus v. Romulus
 
 ,
 
 216 N.C. App. 28
 
 , 33,
 
 715 S.E.2d 889
 
 , 892 (2011) (citation omitted).
 

 In the instant case, as explained above, the subject-matter of the Equitable Distribution Order embraced the appropriate distribution of Plaintiff-Husband's SEP IRA account. Because distribution of the
 
 *162
 
 SEP IRA was included within the Equitable Distribution Order, the trial court was divested of jurisdiction over that matter while the Equitable Distribution Order was pending appeal.
 
 Jenkins v. Wheeler
 
 ,
 
 72 N.C. App. 363
 
 , 365,
 
 325 S.E.2d 4
 
 , 5 (1985) ("An appeal stays further proceedings in the lower court upon the
 
 judgment appealed and matters embraced within that judgment
 
 .") (alteration in original) (citations omitted). While Defendant-Wife maintains that "[t]he trial court retains jurisdiction during the pendency of an appeal to enter orders on matters not affected by the appeal," the well-settled rule is that "[a] trial court may proceed upon any matter not affected by the
 
 judgment
 
 appealed from."
 
 Upton v. Upton
 
 ,
 
 14 N.C. App. 107
 
 , 109,
 
 187 S.E.2d 387
 
 , 389 (1972) (emphasis added);
 
 see also
 

 Carpenter v. Carpenter
 
 ,
 
 25 N.C. App. 307
 
 , 308,
 
 212 S.E.2d 915
 
 , 916 (1975) ("As a general rule an appeal takes the
 
 case
 
 out of the jurisdiction of the trial court[.]") (emphasis added) (citations omitted). The trial court was thus divested of its jurisdiction over matters contained within the equitable distribution judgment
 
 as a whole
 
 at the moment Defendant-Wife perfected her appeal from that judgment.
 

 Nor, as Defendant-Wife argues, does the fact that the SEP IRA portion of the Equitable Distribution Order "is a judgment directing the payment of money" vest the trial court with continuing jurisdiction over that matter.
 
 See
 

 Romulus
 
 ,
 
 216 N.C. App. at 37
 
 ,
 
 715 S.E.2d at 895
 
 ("[A]lthough an equitable distribution distributive award is theoretically a 'judgment directing the payment of money' which is enforceable during the pendency of an appeal ..., the trial court does not have jurisdiction after notice of appeal is given to determine the amount of periodic payments which have come due and remain unpaid during the pendency of the appeal and to reduce that sum to an enforceable judgment."). This is particularly so where the trial court has sought to exercise its jurisdiction in order to alter or amend a component of the original distributive award.
 

 In sum, because the Equitable Distribution Order determined how the SEP IRA account would be distributed, the trial court did not have jurisdiction to enter a subsequent Domestic Relations Order modifying the language of that portion of the Equitable Distribution Order prior to issuance of this Court's mandate on 26 June 2017. Accordingly, because the trial court was without subject-matter jurisdiction to enter the Domestic Relations Order on 20 June 2017, we reverse the trial court's order denying Plaintiff-Husband's
 
 *106
 
 Rule 60 Motion and vacate the Domestic Relations Order.
 

 VACATED.
 

 Judges ELMORE and HUNTER, JR. concur.