ROSE YOUNG COLLINS v. RICHARD AMBROSE COLLINS

No. 7326DC43 and No. 7326DC271

(Filed 25 April 1973)

1. **Rules of Civil Procedure § 41; Trial § 30— voluntary dismissal — final termination of action**

In an action for temporary and permanent alimony, child custody and support and attorney fees instituted on 17 December 1971, plaintiff's voluntary dismissal of the action on 18 February 1972 was a final termination of that action and no valid order could be made thereafter in that cause. G.S. 1A-1, Rule 41(a)(1).

2. **Rules of Civil Procedure § 41; Trial § 30— voluntary dismissal — no adjudication on the merits**

In an action instituted 22 February 1972 for temporary and permanent alimony, child custody and support and attorney fees, defendant was in no position to complain that the issues raised had been determined in a previous action instituted on 17 December 1971 in which plaintiff had taken a voluntary dismissal since the first such dismissal was not an adjudication upon the merits.

3. **Rules of Civil Procedure § 41; Trial § 30— voluntary dismissal — subsequent contempt proceedings — invalidity of order**

Where an action instituted on 17 December 1971 for temporary and permanent alimony, child custody and support and attorney fees

was completely terminated on 18 February 1972 by plaintiff's voluntary dismissal, no valid order based on that case could be made thereafter; hence, the trial court erred in its order of 26 May 1972 adjudging defendant in contempt for violation of the conditions of the order entered in the December 1971 action.

4. **Divorce and Alimony § 18; Rules of Civil Procedure § 41; Trial § 30— alimony pendente lite — denial on basis of previous action — error**

   The trial court committed error where it found facts sufficient to support an award of alimony *pendente lite* but denied the award for the reason that another court in a previous action had found that plaintiff was not the dependent spouse, since the previous action, which had terminated in a voluntary dismissal, did not affect the subsequent action.

5. **Appeal and Error § 16; Courts § 2— jurisdiction of lower court after appeal — jurisdiction over subject matter**

   Where both plaintiff and defendant appealed from an order of 26 May 1972 the trial court was without jurisdiction to conduct proceedings in October 1972 for contempt for violation of conditions of the 26 May order, nor would a stipulation by the parties that the court had jurisdiction to hear the question of defendant's contempt confer jurisdiction since the parties cannot, by consent, give a court jurisdiction over subject matter of which it would not otherwise have jurisdiction.

APPEAL by plaintiff and defendant from order of *Johnson, Judge,* 15 May 1972 Session of MECKLENBURG District Court; and appeal by defendant from *Johnson, Judge,* 16 October 1972 Session of MECKLENBURG District Court.

The two appeals in this action were heard at the same time and by order have been consolidated for determination in the Court of Appeals.

This action was instituted by issuance of summons and filing of complaint on 22 February 1972. In her complaint, plaintiff, the wife of defendant, asked for temporary and permanent alimony, custody of and support for the child of the parties, attorney fees, possession of the home owned by the parties as tenants by entirety, and an order restraining defendant from interfering with plaintiff.

On 20 March 1972 defendant filed a motion to dismiss on the ground that plaintiff had instituted a previous action against him setting forth substantially the same allegations set forth in the complaint in this action and that there had been an adjudication in the previous action. Attached to the motion as exhibits are the complaint, order and stipulation of dismissal

in the former action. The exhibits are summarized in pertinent part as follows:

On 17 December 1971, plaintiff filed complaint in Case No. 71-CVD-15102 asking for temporary and permanent alimony, child custody and support and attorney ·fees. On 31 January 1972, following a hearing on plaintiff's motion for temporary alimony, child custody and support, and attorney fees, Judge Belk entered an order including a finding of fact and conclusion of law that plaintiff was not a dependent spouse and had means to subsist during the pendency of the action; plaintiff was awarded custody of the child with visitation privileges in defendant who was required to pay $225.00 monthly support for the child, beginning 15 January 1972, pay plaintiff's attorney $150.00 and ordered not to harass plaintiff in any way. On 18 February 1972 a stipulation of dismissal in 71-CVD-15102, signed by plaintiff's new attorney was filed, said stipulation notifying defendant that plaintiff "dismisses the complaint without prejudice."

On 20 April 1972 defendant filed answer and as a further defense pleaded the previous action and attached as exhibits the complaint, order and stipulation of dismissal filed in the previous action. On 27 April 1972 Judge Johnson entered an order scheduling a hearing for 17 May 1972.

On 26 May 1972, following a hearing, Judge Johnson entered an order summarized in pertinent part as follows:·Finding and concluding that defendant willfully violated the 31 January 1972 order of Judge Belk; finding as a fact that plaintiff is a dependent spouse and is in need of subsistence during the pendency of this action and that defendant is a supporting spouse, but concluding that plaintiff is not entitled to temporary alimony because of the previous order; concluding that plaintiff is entitled to custody of and support for the child and attorney fees and that defendant is in contempt; ordered that plaintiff have custody of the child, that defendant pay $300.00 per month support for the child, that plaintiff and the child have exclusive possession of the home, that defendant make payments on the home, that defendant have no contact with plaintiff or the child, that defendant be committed to jail for 15 days and that defendant pay plaintiff's attorney $1,000.00.

Plaintiff excepted to that portion of the 26 May order denying her temporary alimony; defendant noted numerous ex-

ceptions to the order. Both parties gave notice of appeal and in the appeal entries defendant was ordered to vacate the residence immediately.

On 1 June 1972 defendant filed a petition with the Court of Appeals asking this court to stay the order relating to possession of the residence. On 2 June 1972 this Court entered an order denying the petition.

On 10 July 1972 defendant filed motion asking the court to grant him the privilege of visiting the child.

On 13 October 1972 Judge Johnson entered an order directing that defendant be confined in the Mecklenburg County Jail without bond until 17 October 1972 when defendant would show cause why he should not be adjudged in contempt in violation of the 26 May order.

On 16 October 1972 Judge Johnson entered an order finding that defendant had been in jail since 13 October 1972; directing that defendant be released from jail to appear at 9:00 a.m. on 17 October 1972 and, in the meantime, that defendant not go to plaintiff's residence or bother her in any way.

On 20 October 1972, following a hearing, Judge Johnson entered an order reciting that the cause was before him on (1) order for defendant to show cause why he should not be attached for contempt (the parties having stipulated in open court that the court had jurisdiction to hear the question of defendant's contempt) and (2) defendant's motion for visitation privileges; after finding facts and concluding that defendant was in contempt of the 26 May order, the court ordered: (1) that defendant be imprisoned for 20 days; (2) after serving 20 days that defendant be allowed to visit with his child; and (3) that defendant have no contact in any way with plaintiff or her attorney.

Defendant noted numerous exceptions to the 20 October order and appealed.

*James, Williams, McElroy & Diehl, P.A., by William K. Diehl, Jr., for plaintiff appellant.*

*Hamel & Cannon, P.A., by Thomas R. Cannon for defendant appellee.*

BRITT, Judge.

[1]   Basic to all questions presented on these appeals is a determination of the validity of the STIPULATION OF DISMISSAL IN 71CVD15102 filed by plaintiff on 18 February 1972 and the effect of the dismissal.

In making this determination, we deem it necessary first to consider authorities prevailing prior to 1 October 1967, the effective date of Chapters 1152 and 1153 of the 1967 Session Laws (codified primarily as G.S. 50-13.1, et seq. and G.S. 50-16.1, et seq.) and 1 January 1970, the effective date of the current Rules of Civil Procedure.

*Brady v. Brady*, 273 N.C. 299, 160 S.E. 2d 13 (1968) was instituted under former G.S. 50-16 on 3 March 1967. The cause was heard on motion by plaintiff wife for subsistence and counsel fees *pendente lite,* custody and support of the children, and possession of the home. From an order denying her any relief, plaintiff appealed. We quote from the opinion by Chief Justice Parker (page 305) :

> "The trial court indicated that it had some question about its authority to find in favor of the plaintiff because of the previous similar action brought by her and the adverse ruling made at the hearing in that action. The finding made in the previous action was not binding in the present action. Where the defendant asserts no claim and demands no affirmative relief, plaintiff, in an action for alimony without divorce, may take a voluntary nonsuit. *Griffith v. Griffith, supra.* [265 N.C. 521, 144 S.E. 2d 589 (1965)] * * * ."

In *Griffith v. Griffith, supra,* opinion by Jusice Higgins, we find (page 523) :

> "Left for decision, however, is the question whether the court committed error in refusing to permit the plaintiff to take a voluntary nonsuit. Ordinarily, a plaintiff who appeals to a trial court for relief (other than by a proceeding *in rem)* may withdraw the claim and get out of court by taking a voluntary nonsuit. This he may do as a matter of right unless the defendant has asserted some claim or cross action entitling him to affirmative relief. In such event the defendant is entitled to keep the action before the court until his claim is litigated. For citation of authori-

ties, see Strong's North Carolina Index, Vol. 4, Trial, § 29, p. 325. The rule applies to actions for divorce and alimony as in other cases. *Scott v. Scott*, 259 N.C. 642, 131 S.E. 2d 478."

We now consider the effect of G.S. 50-13.1, et seq. and G.S. 50-16.1, et seq. and the current Rules of Civil Procedure on the principle stated above. A *voluntary dismissal* under the current rules is substantially the same as a *voluntary nonsuit* under the former procedure. A careful review of those statutes fails to disclose any provision which would alter the principle stated in *Brady* and *Griffith*. As to the current rules, in the 1972 Cumulative Supplement to 1 Lee, N.C. Family Law, § 53, pp. 35-36, we find: "Under Rule 41(a)(1) of the Rules of Civil Procedure the plaintiff has an absolute right to a voluntary, non-prejudicial dismissal up to the time he rests his case. A second dismissal will, however, be an adjudication upon the merits. N. C. Gen. Stat., § 1A-1, Rule 41(a)(1)." See also 1970 Pocket Part to 2 McIntosh, N. C. Practice and Procedure, § 1647, p. 68.

Under the former practice a judgment of voluntary nonsuit terminated the action and no suit was pending thereafter on which the court could make a valid order. 7 Strong, N. C. Index 2d, Trial, § 30, p. 317. We think the same rule applies to an action in which a plaintiff takes a voluntary dismissal under G.S. 1A-1, Rule 41(a)(1).

Because of the cited authorities, we hold that in the cases now before us plaintiff's voluntary dismissal of the prior action (71CVD15102) on 18 February 1972 was a final termination of that action and that no valid order could be made thereafter in that cause.

We proceed now to pass on the assignments of error brought forward and argued in the briefs.

### DEFENDANT'S APPEAL FROM THE 26 MAY 1972 ORDER

[2]  First, defendant assigns as error the failure of the court to allow his motions to dismiss the action instituted 22 February 1972 for that the issues raised had been determined in the previous action. For the reasons stated above, the assignment of error is overruled.

Collins v. Collins

[3]  Defendant next assigns as error that portion of the 26 May order adjudging him in contempt of court and ordering him confined in jail for 15 days for that this action by the court was based on a finding that defendant had violated the conditions of the order entered in the previous action. The assignment of error is sustained. As stated above, the previous action was completely terminated on 18 February 1972 and no valid order based on that case could be made thereafter.

Finally, defendant assigns as error the award of fees for plaintiff's attorney. This assignment of error has no merit. The award was made for services rendered in the new action and was authorized by G.S. 50-13.6 and G.S. 50-16.4.

### PLAINTIFF'S APPEAL FROM THE 26 MAY 1972 ORDER

[4]  Plaintiff assigns as error the conclusion of law that she is not entitled to an award of alimony *pendente lite* for the reason that "such an award is barred by the entry of the Order in 71-CVD-15102, on January 31, 1972." The assignment of error is sustained. On competent evidence the court found facts sufficient to support an award of alimony *pendente lite* but denied the award on an erroneous understanding of the law. The present action is affected by the previous action in no way except that plaintiff may not again voluntarily dismiss her action without prejudice.

### DEFENDANT'S APPEAL FROM THE 20 OCTOBER 1972 ORDER

[5]  This appeal presents the question of whether the trial court had jurisdiction to conduct the contempt proceedings in October 1972 while the case was on appeal.

The record indicates that, pursuant to the court's 26 May orders, defendant surrendered possession of the residence to plaintiff and that she and the child proceeded to occupy the residence until the hearing in October. In the 20 October order, the court found that defendant had failed to make house payments and child support payments as required by the 26 May order but, because the case had been appealed, the court declined to consider the question of defendant's being in contempt on those counts. However, the court found that on 13 October 1972, in deliberate violation of the 26 May order and against the advice of his counsel, defendant went to the residence which had been sequestered for the sole use and possession of plaintiff, obtained

the key, entered the premises, refused to leave when requested by plaintiff, and did not leave until police officers were called and forcibly removed him. The court adjudged said conduct to be contemptuous and thereupon imposed a jail sentence.

G.S. 1-294 provides in pertinent part: "When an appeal is perfected as provided by this article it stays all further proceedings in the court below upon the judgment appealed from, or upon the matter embraced therein; but the court below may proceed upon any other matter included in the action and not affected by the judgment appealed from."

In *Joyner v. Joyner,* 256 N.C. 588, 124 S.E. 2d 724 (1962), the court held: An appeal from an order awarding custody of a child of the marriage to the wife removes the cause from the Superior Court to the Supreme Court, and the Superior Court thereafter is *functus officio* until the remand of the cause. The Superior Court is without jurisdiction, pending the appeal, to punish the husband for contempt, and its findings in regard to the wilful violation of the order are a nullity.

Among other cases, plaintiff cites *Manufacturing Co. v. Arnold,* 228 N.C. 375, 45 S.E. 2d 577 (1947). The holding in that case pertinent to the instant case is summarized as follows: "An appeal from an interlocutory order stays all further proceedings in the lower court in regard to matters relating to the specific order appealed from, but the action remains in the lower court and it may proceed upon any other matter included in the action upon which action was reserved or which was not affected by the judgment appealed from." The cited case does not help plaintiff as her October proceedings related to the specific order (26 May) appealed from.

While the question is not raised in any brief, we deem it appropriate to determine the effect of the stipulation recited in the 20 October order that the parties had stipulated that the court had jurisdiction to hear the question of defendant's contempt. In *State v. Fisher,* 270 N.C. 315, 154 S.E. 2d 333 (1967), we find:

"It is well established law that the parties cannot, by consent, give a court jurisdiction over *subject matter* of which it would otherwise not have jurisdiction. Jurisdiction in this sense cannot be obtained by consent of the parties, waiver or estoppel. *Hart v. Motors,* 244 N.C. 84, 92 S.E. 2d 673, and the numerous cases there cited; *In re Custody of*

*Sauls,* 270 N.C. 180, 154 S.E. 2d 327; 20 Am. Jur. 2d, Courts, § 95; 21 C.J.S., Courts, § 85; 1 Strong's N. C. Index, Courts, § 2. * * * "

We hold that the trial court did not have jurisdiction to conduct the contempt proceedings in October 1972, therefore, the order of 20 October 1972 is void. Nevertheless, we think the following language from *Joyner, supra,* page 591, is pertinent: "The appeal stays contempt proceedings until the validity of the judgment is determined. But taking an appeal does not authorize a violation of the order. One who willfully violates an order does so at his peril. If the order is upheld by the appellate court, the violation may be inquired into when the case is remanded to the superior court."

### DISPOSITION OF APPEALS

The 20 October 1972 order is vacated. With respect to the 26 May 1972 order, the cause is remanded to the District Court of Mecklenburg County for further proceedings consistent with this opinion.

Remanded.

Judges MORRIS and PARKER concur.