SANDRA HINES WEBB v. SONNY BOY WEBB

No. 802DC601

(Filed 17 February 1981)

Appeal and Error § 16.1— appeal of child visitation order — motion to modify order and hold defendant in contempt — no jurisdiction in trial court

    Where defendant appealed an order with respect to child visitation privileges, the trial court was without jurisdiction pending the appeal to entertain plaintiff's motion in the cause seeking to have defendant adjudged in contempt for failure to comply with the order appealed from and seeking to have the order modified.

APPEAL by defendant from *Manning, Judge.* Order filed 18 January 1980 in District Court, BEAUFORT County. Heard in the Court of Appeals 13 January 1981.

This is an appeal from an order of the district court adjudging defendant in contempt of an order of the district court entered 25 June 1979. The record discloses that on 25 June 1979, the court entered an order with respect to visitation privileges for defendant as to the children born of his marriage to plaintiff. From this order, plaintiff on 25 June 1979 gave notice of appeal to the Court of Appeals.

In a motion in the cause verified on 6 November 1979, plaintiff sought that defendant "be required to show cause why he should not be adjudged in contempt for his violation of the Court Order dated the 25th day of June, 1979," and that defendant's visitation privileges be "amended." On 18 December 1979, the matter apparently

came on for hearing on plaintiff's motion before Judge Manning. The record indicates that on 18 January 1980, plaintiff filed a "Withdrawal of Appeal" from the 25 June 1979 order. The record contains an undated, unsigned order adjudging defendant to be in contempt and modifying defendant's visitation privileges. This judgment was filed 18 January 1980. The record further indicates that defendant gave notice of appeal in open court from this judgment and thereafter, on 29 January 1980, defendant gave written notice of appeal from the unsigned judgment apparently filed on 18 January 1980. The record also contains an order dated 7 March 1980 wherein the court, finding "that there may be ambiguity as to the Defendant's appeal rights," ordered that the time for filing notice of appeal in the case be extended through 30 January 1980.

*Stephen A. Graves for the plaintiff appellee.*

*No counsel for the defendant appellant.*

HEDRICK, Judge.

G.S. § 1-294 in pertinent part provides:

When an appeal is perfected as provided by this article it stays all further proceedings in the court below upon the judgment appealed from, or upon the matter embraced therein; but the court below may proceed upon any other matter included in the action and not affected by the judgment appealed from.

An appeal in the domestic action removes the cause to the appellate court and the trial court is *functus officio* until the validity of the judgment is determined; thus, the trial court is without jurisdiction, pending the appeal, to punish the husband in contempt for failing to comply with the judgment appealed from and its findings and order to that effect are void. *Joyner v. Joyner*, 256 N.C. 588, 124 S.E.2d 724 (1962); *accord, Collins v. Collins*, 18 N.C. App. 45, 196 S.E.2d 282 (1973); *Upton v. Upton*, 14 N.C. App. 107, 187 S.E.2d 387 (1972). The trial court is likewise without jurisdiction to proceed upon the very matters which were embraced in and which were directly affected by the order from which the appeal is taken. *Carpenter v. Carpenter*, 25 N.C. App. 307, 212 S.E.2d 915 (1975).

Although the record in the case before us is unclear in many respects, it is manifest that Judge Manning was *functus officio* to

entertain plaintiff's motion in the cause seeking to have defendant adjudged in contempt and seeking to have the 25 June 1979 order modified. Obviously, the purported "Withdrawal of Appeal" was made subsequent to any notice to defendant of a hearing on the motion in the cause, and was apparently contemporaneous with the 18 January 1980 filing of the unsigned and undated judgment. We are aware of the fact of the recital in the unsigned and undated judgment filed 18 January 1980 that plaintiff's appeal from the 25 June 1979 order had been withdrawn and the appeal was ineffectual and that the court had jurisdiction; however, there is nothing in this record to support such a recital or to indicate that defendant agreed in any way that the court had jurisdiction to hear plaintiff's motion, amend the former order, or adjudge defendant in contempt. Indeed, defendant's first assignment of error challenges the jurisdiction of the trial court to entertain plaintiff's motion and to enter any order thereon.

In our opinion, all proceedings in the matter were stayed by plaintiff's appeal from the 25 June 1979 order. G.S. § 1-294; *Joyner v. Joyner, supra; Carpenter v. Carpenter, supra.*

The order filed 18 January 1980 is

Vacated.

Judges MARTIN (Robert M.) and CLARK concur.