DIANNE GREENE HARDEE v. EDDIE RAY HARDEE

No. 8119DC1417

(Filed 16 November 1982)

1. **Divorce and Alimony § 24.4— child support payments—inability to use possession of real estate prior to 18 June 1981**

    The trial court erred in finding defendant in contempt of court for filing a petition for partition or sale of real property, which the plaintiff occupied under a 13 March 1981 order giving her possession of the real estate for support of the child born of plaintiff and defendant, since G.S. § 50-13.4(e) did not empower the courts with authority to award the possession of real property as a part of the support for a minor child until after 18 June 1981.

2. **Divorce and Alimony § 27— award of attorney's fees error**

    Since the trial judge erred in holding the defendant in contempt for violation of an invalid order, the trial court also erred in awarding attorney's fees to plaintiff's attorney.

APPEAL by defendant from *Grant, Judge.* Order entered 3 September 1981 in District Court, CABARRUS County. Heard in Court of Appeals 14 October 1982.

The order appealed from was entered pursuant to various motions in the cause made by both plaintiff and defendant. After a hearing on the motions, Judge Grant made the following pertinent findings of fact:

. . .

5. That the plaintiff and the defendant were purportedly married to each other in York, South Carolina, on January 12, 1973; that there was one child born of the purported marriage of the parties hereto, namely, Christopher Ray Hardee, born May 29, 1974, in Duval County, Florida; that the purported marriage of the parties hereto was declared null and void from its inception by Judgment of this Court dated December 2, 1980; that there was no appeal from said Judgment.

6. That at the time of the entry of said Judgment of annulment, a Supplemental Order was entered in which the plaintiff, Dianne Greene Hardee, was awarded the primary care, custody and control of the minor child of the parties, namely, Christopher Ray Hardee; that the defendant was

ordered to pay support for the minor child and was awarded reasonable and liberal visitation privileges with his minor child.

7. That the plaintiff was awarded the exclusive possession of the home of the parties known as Route 4, Box 685-M, Kannapolis, Cabarrus County, North Carolina, for the continued support and maintenance of the minor child of the parties until the issue of occupancy of the property by the plaintiff and the minor child was reviewed by the Court for a final determination as to future occupancy of the property and what conditions, if any, should be attached to the possession thereto; that by Order of this Court dated March 13, 1981, the plaintiff, Dianne Greene Hardee, was awarded possession of the home of the parties until the minor child of the parties becomes emancipated, until the plaintiff remarries, or until the plaintiff and the defendant mutually agree to sell said property; that no appeals were made from either of the orders aforementioned.

8. That on this date, August 28, 1981, the plaintiff continues to have the primary care, custody and control of the minor child of the parties and the plaintiff continues to have possession of the home of the parties known as Route 4, Box 685-M, Kannapolis, Cabarrus County, North Carolina; that the minor child of the parties is not emancipated; that the plaintiff herein has not remarried; that the plaintiff and the defendant have not mutually agreed to sell said real property.

9. That on August 11, 1981, the defendant, Eddie Ray Hardee, caused to be filed in the General Court of Justice, Superior Court Division, Cabarrus County, North Carolina, a Petition and Complaint, before the Clerk, File No. 81SP243, entitled *"Eddie Ray Hardee, Plaintiff, vs. Dianne Greene Hardee and Farmers Home Administration, Defendants"* in which the plaintiff, Eddie Ray Hardee, seeks the partitioning or sale of the said real property of the parties known as Route 4, Box 685-M, Kannapolis, Cabarrus County, North Carolina.

. . .

12. That by Order of this Court dated March 13, 1981, the plaintiff was ordered that at no time shall any male

friend or person cohabit or reside with her in the home of the parties hereto, unless the plaintiff remarries; that the plaintiff is presently dating a male individual known as Bruce Bassinger, whose car has been observed at the home of the plaintiff on at least six occasions between the dates of July 4, 1981, and August 8, 1981, in the early morning hours between 2:00 and 11:30 a.m.; that the plaintiff and the male individual, Bruce Bassinger, are presently employed and working third shift between the hours of 11:00 p.m. and 7:30 a.m.; that the male individual, Bruce Bassinger, has only been observed by the defendant and defendant's father at the residence of the parties hereto while the defendant was exercising his visitation privileges and at no other time.

13. That the minor child of the parties has continued to reside with the plaintiff since the annulment of the purported marriage of the parties; that the minor child is a healthy, well-adapted youngster presently enrolled in the Cabarrus County School System and continues to receive the proper supervision and maintenance from the plaintiff; that the plaintiff is an able-bodied woman, gainfully employed, and is a fit and proper person to continue to have the primary care, custody and control of the minor child of the parties; that the present living conditions and circumstances of the minor child are fit and proper; and that it would be in the best interest of the minor child to be and remain in the primary care, custody and control of the plaintiff herein.

14. That there has been no change in circumstances since the entry of the Supplemental Order dated December 11, 1980, to warrant a modification of said Order placing the custody of the minor child with the defendant.

15. That the plaintiff is presently employed, however, her income is insufficient to support herself and the minor child of the parties and to defray the costs of this action; that Timothy M. Hawkins, attorney for the plaintiff, has provided valuable legal services to the plaintiff in bringing this contempt proceeding and in defending the plaintiff on the defendant's Motion that he be awarded custody of the minor child and that the plaintiff be held in contempt of the Order of this Court dated March 13, 1981; that the nature and scope

of the legal services rendered included numerous telephone conversations and office conferences with the plaintiff, preparation of the plaintiff's Motion and Order to Show Cause, conferences with the plaintiff concerning the defendant's Petition to partition the real property of the parties, the appearance of said counsel in representing the plaintiff in the litigation of this Motion, Order to Show Cause and the hearing of this matter and defendant's Motion that the plaintiff be held in contempt and previous orders of this Court be vacated and set aside and that the defendant be awarded custody of the minor child of the parties; that considerable time and skill were required in the preparation, hearing and defense of this action and that a partial attorney's fee of $500.00 payable to Timothy M. Hawkins is reasonable and consistent with the work and efforts involved; that the defendant, Eddie Ray Hardee, is a healthy, able-bodied man, gainfully employed and well able to pay the sum of $500.00 to Timothy M. Hawkins, attorney for the plaintiff, as partial attorney's fee in this matter.

16. That the defendant's filing of the Petition and Complaint before the Clerk, File No. 81SP243, General Court of Justice, Superior Court Division, Cabarrus County, North Carolina, is a willful and deliberate attempt to deny the plaintiff and the minor child possession of the home of the parties known as Route 4, Box 685-M, Kannapolis, Cabarrus County, North Carolina, and said conduct and action by the defendant are willful and deliberate and in contempt of the Order of this Court dated March 13, 1981.

17. That the plaintiff, Dianne Greene Hardee, is not in contempt of the Order of this Court dated March 13, 1981.

Based on these findings, the Court made the following conclusions of law:

1. That the plaintiff, Dianne Greene Hardee, is a fit and proper person to continue to have the primary care, custody and control of the minor child of the parties, namely, Christopher Ray Hardee, and that it would be in the best interest of said minor child to be and remain in the primary care, custody and control of the plaintiff herein.

2. That there has not been a sufficient change in circumstances to warrant a modification of the prior orders of this Court granting the primary custody of the minor child to the plaintiff.

3. That the plaintiff, Dianne Greene Hardee, is not in contempt of the Order of this Court dated March 13, 1981, in reference to her relationship and association with the male individual, namely, Bruce Bassinger, concerning alleged cohabitation.

4. That the defendant's filing of the Petition and Complaint, before the Clerk, File No. 81SP243, seeking to partition or sale [sic] the real property known as Route 4, Box 685-M, Kannapolis, North Carolina, is a willful and deliberate attempt on the part of the defendant to deny the plaintiff and the minor child possession of the home of the parties as awarded by Order of this Court dated March 13, 1981, and the defendant's conduct in filing said Petition and Complaint is willful and deliberate and in contempt of this Court.

5. That the income of the plaintiff is insufficient to support herself and the minor child and to defray the costs of this action; that Timothy M. Hawkins, attorney for the plaintiff, provided valuable assistance and services to the plaintiff in the preparation of the plaintiff's Motion and Order to Show Cause and in the defense of defendant's proceedings against the plaintiff and is therefore entitled to an award of $500.00 as partial attorney's fees in this matter; that the defendant, Eddie Ray Hardee, is a healthy, able-bodied man, gainfully employed and well able to pay said attorney's fee.

6. That the association and conduct of the plaintiff with the male individual, namely, Bruce Bassinger, to whom she is not married, is not a violation of the Order of March 13, 1981, and the plaintiff is not in contempt of said Order.

The Court denied defendant's motion to void the prior orders granting the plaintiff possession of the real property and custody of the child, as well as defendant's motion that plaintiff be adjudged in contempt for violating an order prohibiting plaintiff from cohabiting and residing in the parties' home with a male person to whom she is not married. The Court further denied defend-

ant's motions to declare the writ of possession a cloud upon title, to award defendant custody of the child and to dismiss plaintiff's motion. Finally, the Court held defendant in contempt for seeking a partition and sale of the real property owned jointly by plaintiff and defendant and ordered the defendant to pay $500.00 as partial attorney's fees to plaintiff's counsel.

Defendant appealed.

*Koontz & Hawkins by Timothy M. Hawkins for the plaintiff, appellee.*

*Myers, Ray and Myers by Charles T. Myers for the defendant, appellant.*

HEDRICK, Judge.

[1]  Defendant first contends in his Assignment of Error No. 1, based on Exception Nos. 4, 9 and 17, that the Court erred in finding him in contempt of court for filing a petition for partition or sale of the real property, which the plaintiff occupied under a 13 March 1981 order giving her possession of the real estate for support of the child born of plaintiff and defendant. The applicable statute in effect at the time the order was signed was G.S. § 50-13.4(e) which reads:

> Payment for the support of a minor child shall be paid by lump sum payment, periodic payments, or by transfer of title or possession of personal property of [sic] any interest therein, or a security interest in real property, as the court may order. In every case in which payment for the support of a minor child is ordered and alimony or alimony pendente lite is also ordered, the order shall separately state and identify each allowance.

Effective 18 June 1981, G.S. § 50-13.4(e) was amended to read in pertinent part:

> Payment for the support of a minor child shall be paid by lump sum payment, periodic payments, or by transfer of title or possession of personal property of [sic] any interest therein, or a security interest in *or possession of real property,* as the court may order. (Emphasis added.)

Thus, it is clear that on 13 March 1981 the Court lacked authority to award the possession of real property as a part of the support for the minor child. The amendment to G.S. § 50-13.4(e) did not affect the validity of any existing order or judgment and applied only to hearings and trials conducted after 18 June 1981. Since the trial Judge on 13 March 1981 lacked authority to award possession of the property to the wife for the support of the child, it also lacked authority to order that the defendant not attempt to dispose of the property except by mutual consent of the parties. Therefore, the Court had no authority to declare defendant in contempt of an order which it lacked authority to enter. *Joyner v. Joyner*, 256 N.C. 588, 124 S.E. 2d 724 (1962); *accord, Webb v. Webb*, 50 N.C. App. 677, 274 S.E. 2d 888 (1981); *Collins v. Collins*, 18 N.C. App. 45, 196 S.E. 2d 282 (1973). The order adjudging the defendant in contempt must be vacated.

Defendant next assigns error to the denial of his motions to alter or set aside the custody order upon the grounds of a change in condition. The findings and conclusions of the trial judge support his order denying the defendant's motion to alter or set aside the custody order and these findings and conclusions are amply supported by the record and the evidence.

The defendant also assigns as error the denial of his motion to hold the plaintiff in contempt. The evidence and record support the trial judge's order denying this motion.

[2] Defendant argues the Court erred in awarding attorney fees to plaintiff's attorney. Inasmuch as this proceeding was initiated by the plaintiff's motion to find the defendant in contempt for filing a petition to partition or sell the real estate owned by plaintiff and defendant and since the trial judge erred in holding the defendant in contempt for violation of an invalid order, we hold the trial court likewise erred in awarding attorney fees to plaintiff's attorney under the circumstances. The motions filed by defendant and denied by the Court were obviously defensive, and the plaintiff would not have incurred expenses for an attorney if she had not initiated the proceeding to find and hold defendant in contempt. The order awarding plaintiff's counsel a fee of $500 must be vacated.

The result is: the orders holding the defendant in contempt and awarding attorney fees to plaintiff's counsel are vacated; the orders denying the defendant's motions to alter or set aside the orders granting plaintiff custody of the child, to hold plaintiff in contempt of court, to declare the writ of possession a cloud upon title and to dismiss plaintiff's motions are affirmed.

Affirmed in part; vacated in part.

Judges HILL and WHICHARD concur.