SHERROD PAUL HACKWORTH v. SHIRLEY D. HACKWORTH

No. 8725DC90

(Filed 6 October 1987)

**Appeal and Error § 16.1; Divorce and Alimony § 23— child custody—modification pending appeal of visitation order**

The district court had no jurisdiction to enter an order modifying child custody while an appeal from a child visitation order was pending, and the

court thus also lacked authority to find defendant mother in contempt for failing to comply with the modification order. N.C.G.S. § 1-294.

APPEAL by defendant from *Tate, Judge* and *Vernon, Judge.* Orders entered 31 October 1986 and 3 November 1986 in District Court, CALDWELL County. Heard in the Court of Appeals 21 September 1987.

*Herbert H. Pearce, attorney for plaintiff-appellee.*

*Wilson and Palmer, P.A., by W. C. Palmer, attorney for defendant-appellant.*

ORR, Judge.

This appeal arises out of a custody dispute between plaintiff-father and defendant-mother for the primary custody of one minor child.

After the parties separated in 1984 the trial court, in an order entered 10 July 1985, awarded primary custody of the child to defendant and permitted plaintiff visitation rights.

On 10 January 1986, plaintiff appeared in district court with a motion in the cause requesting that primary custody of the child be removed from defendant and awarded to plaintiff. The trial court, in a hearing held 26 February 1986, denied plaintiff's motion, finding there was no substantial change of circumstances relating to the child's welfare compelling such a change.

However, in the 5 March 1986 order arising out of the custody hearing, the trial court determined that substantial evidence presented at the hearing justified a significant expansion of plaintiff's visitation rights with the child. From the 5 March 1986 order extending visitation rights, defendant appealed on 17 March 1986. *Hackworth v. Hackworth*, 85 N.C. App. 170, 354 S.E. 2d 774 (1987).

In May 1986, while defendant's appeal of the prior visitation order was pending, plaintiff filed a second motion in the cause again requesting primary custody of the child. After hearing plaintiff's motion, the trial court concluded that although defendant had been a most fit and proper custodial parent, the relationship between plaintiff and the child had substantially

strengthened making it in the child's best interest to award primary custody to plaintiff.

In a 31 October 1986 order, the trial court awarded plaintiff primary custody of the child to begin 1 November 1986. When plaintiff attempted to take the child on this date, defendant prevented the transfer of custody and was subsequently found to be in contempt of court on 3 November 1986.

From the 31 October 1986 order awarding plaintiff primary custody and the 3 November 1986 order finding defendant in contempt of court, defendant appeals.

The dispositive issue is whether defendant's appeal of the 5 March 1986 order removed from the district court jurisdiction to hear and to issue orders pertaining to plaintiff's later motions for custody of the minor child.

We find that the district court lacked the authority to issue the 31 October 1986 and 3 November 1986 orders, and, conclude that these orders are null and void for the following reason.

N.C.G.S. § 1-294 states in part:

> When an appeal is perfected as provided by this Article it stays all further proceedings in the court below upon the judgment appealed from, or upon the matter embraced therein; but the court below may proceed upon any other matter included in the action and not affected by the judgment appealed from.

It is established that "[v]isitation privileges are but a lesser degree of custody." *Clark v. Clark*, 294 N.C. 554, 575-76, 243 S.E. 2d 129, 142 (1978). As a result, the 5 March 1986 order, extending visitation rights, appealed by defendant is directly related to and will affect the 31 October 1986 and 3 November 1986 orders determining custody, issued by the trial court. Therefore, N.C.G.S. § 1-294 removed jurisdiction on the issue of custody from the district court in the present case.

Furthermore, the Supreme Court in *Joyner v. Joyner*, 256 N.C. 588, 124 S.E. 2d 724 (1962), specifically addressed the question of who has jurisdiction over a minor child when a custody matter is pending on appeal. In *Joyner*, the Court concluded that

"North Carolina cases fit into the general rule that appeal removes the entire proceeding to the [appellate] Court and leaves the [lower] court *functus officio* until the cause is remanded." *Joyner*, 256 N.C. at 592, 124 S.E. 2d at 727. *Accord, Webb v. Webb*, 50 N.C. App. 677, 274 S.E. 2d 888 (1981); *Collins v. Collins*, 18 N.C. App. 45, 196 S.E. 2d 282 (1973).

Consequently, under both statute and case law the district court lost jurisdiction over all custody matters in the present case when defendant appealed the 5 March 1986 visitation order. N.C. G.S. § 1-294 (1983); *Joyner v. Joyner*, 256 N.C. 588, 124 S.E. 2d 724; *Webb v. Webb*, 50 N.C. App. 677, 274 S.E. 2d 888; *Collins v. Collins*, 18 N.C. App. 45, 196 S.E. 2d 282. Since the district court lacked the authority to modify the prior custody award on 31 October 1986, it also lacked the authority to find defendant in contempt on 3 November 1986 for failing to comply with the 31 October 1986 order.

For this reason, we vacate the 31 October 1986 order and the 3 November 1986 order.

Vacated.

Chief Judge HEDRICK and Judge ARNOLD concur.