**GILLIAM v. FIRST UNION NAT. BANK**

[125 N.C. App. 416 (1997)]

CARRIE S. GILLIAM, PLAINTIFF v. FIRST UNION NATIONAL BANK, DEFENDANT

No. COA96-579

(Filed 18 February 1997)

**Trial § 227 (NCI4th)— voluntary dismissal—appeal by same party—dismissed**

Plaintiff's appeal from the dismissal of a class action arising from the set-off of an account against an existing debt was dismissed where her attorney had taken an oral voluntary dismissal without prejudice after conferring with his client; oral notice of a voluntary dismissal is effective and satisfies the requirements of N.C.G.S. § 1A-1, Rule 41. The voluntary dismissal terminated the action and no underlying action thereafter existed in the trial court from which an appeal could have been taken.

**Am Jur 2d, Dismissal, Discontinuance & Nonsuit §§ 9 et seq.**

Appeal by plaintiff from order entered 28 November 1995 and amended 12 December 1995 by Judge Julius A. Rousseau, Jr. in Forsyth County Superior Court. Heard in the Court of Appeals 30 January 1997.

*Daniel J. Park and David P. Atkins for plaintiff-appellant.*

*Petree Stockton, L.L.P., by R. Rand Tucker, for defendant-appellee.*

SMITH, Judge.

On 17 January 1986, default judgment was obtained by Northwestern Bank against plaintiff and her former husband on a note the two had signed for money to use in their business. In December of 1985, defendant First Union acquired Northwestern Bank and acquired the rights of Northwestern Bank with respect to plaintiff's debt and obligation. At the time of this action, plaintiff's debt remained outstanding, and with interest, exceeded $20,000.00.

On 30 March 1989, plaintiff opened a checking account with First Union. Plaintiff signed a New Deposit Account Application when she opened this account. In this agreement she acknowledged and agreed that the Depositor's Agreement would govern the bank's right to set off funds in the account against other debts owed by the

customer to First Union. The agreement fully describes the bank's right to set off.

On 17 August 1988, defendant served upon plaintiff a Notice of Rights to Have Exemptions Designated and plaintiff moved to claim exempt property on 9 September 1988. On 18 October 1988, an order was entered designating exempt property. As a result, defendant was unable to obtain payment of its judgment. Defendant did not file any further notices to claim exempt property regarding the judgment.

On 30 November 1993, First Union set off $1,166.00 from plaintiff's account in partial satisfaction of her outstanding indebtedness to First Union, leaving $1.51 in the account. This caused several checks which plaintiff had written to be returned for insufficient funds and resulted in overdraft charges. Plaintiff did not deny the outstanding indebtedness, but complained that First Union should not have been able to exercise its right of set off without following the judicial procedures for execution, including serving a Notice of Rights to Have Exemptions Designated and obtaining a Writ of Execution prior to execution.

Plaintiff filed suit alleging conversion, unfair trade practices and for a class action certification. On 24 October 1994, plaintiff served her First Set of Interrogatories and on 22 November 1994, defendant filed its Responses to the First Set of Interrogatories. On 13 December 1994, plaintiff filed a Motion to Compel Answers to Interrogatories; however, plaintiff did not request that the Motion be calendared for hearing, thus this Motion was never heard. Plaintiff also requested that the period for conducting discovery be extended to 28 February 1995. On 3 February 1995, plaintiff served her First Request for Production of Documents. Defendant responded on 6 March 1995. Plaintiff again asked for and received a extension on discovery until 31 May 1995. On 5 June 1995, plaintiff filed a Motion to Compel the Production of Documents requested in her First Motion to Compel Production of Documents after the period for discovery had expired. On 17 July 1995, plaintiff filed a calendar request for that Motion, but prior to hearing, asked that the Motion be removed from the calendar; thus, that Motion was not heard.

On 12 September 1995, plaintiff served upon defendant her Fourth Set of Interrogatories. Defendant served its Responses to the Fourth Set of Interrogatories on 16 October 1995. Plaintiff served a Motion to Compel Answers to her Fourth Set of Interrogatories on 10 November 1995, Motion to Compel Production of Documents Second

Request, Motion to Compel Production of Documents First Request, Motion to Compel Answers to Plaintiff's First Set of Interrogatories, Motion to Compel Answers to Plaintiff's Fourth Set of Interrogatories and Motion to have Claim Certified as a Class Action (third claim of complaint); however, plaintiff did not file the motions until 27 November 1995, the date the trial was scheduled to begin. Plaintiff also served a calendar request and notice of hearing on her Motion for Class Certification and Motions to Compel Discovery on 10 November 1995.

At the hearing held on 27 November 1995, plaintiff did not present evidence in support of her Motion for Class Certification, and subsequently voluntarily dismissed her action without prejudice following the trial court's verbal order denying plaintiff's Motion for Class Certification, pursuant to Rule 23 of the Rules of Civil Procedure and dismissing her third claim denominated class action. Defendant First Union subsequently filed a Motion to Amend that order, and an amended order dismissing plaintiff's claim for class action was entered on 12 December 1995. Plaintiff appeals from the order dismissing the third claim and denying class action certification.

We note that plaintiff's attorney in open court after conferring with his client, took an oral voluntary dismissal without prejudice. As held by our Supreme Court in *Danielson v. Cummings*, 300 N.C. 175, 265 S.E.2d 332 (1980), oral notice of a voluntary dismissal is effective and satisfies the requirements of Rule 41 of the North Carolina Rules of Civil Procedure. "Upon the filing of the notice of dismissal by the plaintiff herein, the action terminated. The case was closed and nothing further could be done regarding it." *Lowe v. Bryant and Lowe v. Bryant*, 55 N.C. App. 608, 611, 286 S.E.2d 652, 654 (1982); *See also Collins v. Collins*, 18 N.C. App. 45, 196 S.E.2d 282 (1973). Accordingly, as the voluntary dismissal terminated the action and as no underlying action thereafter existed in the trial court from which an appeal could have been taken, plaintiff's appeal is dismissed. *Id.* Further, we note that defendant had previously made a motion to dismiss this appeal which was denied by our Court based on grounds unrelated to the holding herein.

Appeal dismissed.

Judges JOHN and McGEE concur.